In the Matter of THOMAS RIGGI, Respondent, against ARTHUR BLESSING, as City Manager of the City of Schenectady, et al., Appellants.

Third Department, December 31, 1959.

*Charles Ward Brown, Corporation Counsel,* for Arthur Blessing and others, appellants.

*Kelsie E. Mead, County Attorney,* for Charles T. Male and others, appellants.

*Alexander Grasso* for respondent.

REYNOLDS, J. The petitioner was appointed to the position of Principal Account Clerk on December 12, 1955 after taking a noncompetitive examination and being certified as qualified by the Civil Service Commission of Schenectady County. Petitioner's title was changed to Senior Clerk on January 1, 1958 and he continued to occupy this position until his employment was terminated as of March 5, 1958 by a letter from the City Manager of the City of Schenectady dated February 19, 1958. From the date of petitioner's provisional appointment under rule XI of the Civil Service Rules for the County of Schenec-

tady to the date of his discharge no competitive examination was held by the said commission, despite the fact that it was admitted the positions were within the civil service competitive class. Petitioner's position as Senior Clerk was filled subsequent to March 5, 1958 by another provisional appointment.

Petitioner instituted this proceeding at Supreme Court, Special Term by an application for a review of the proceedings, acts and determination of the City Manager of the City of Schenectady in connection with the discharge and for a final order reinstating the petitioner to his position with back pay, and the discharge of the provisional appointee who succeeded him. The court below decided in favor of petitioner, being of the opinion that petitioner could not be discharged until an eligible list had been established. It was not contended that petitioner's appointment was illegal or that any charges were made against him.

The decision and order of the court below must be reversed because the petitioner as a provisional employee had no tenure of office, could be removed at will, and was not entitled to any review of his discharge under the provisions of former section 22 of the Civil Service Law (*Matter of Benon* v. *La Guardia,* 285 N. Y. 560; *Matter of Mercado* v. *New York City Youth Bd.,* N. Y. L. J., June 2, 1959, p. 12, col. 7; *Matter of Scahill* v. *Drzewucki,* 269 N. Y. 343; *Matter of Hilsenrad* v. *Miller,* 284 N. Y. 445; *People ex rel. Hannan* v. *Board of Health,* 153 N. Y. 513).

The fact that there was here involved a subsequent illegal provisional appointment does not inure to the benefit of this petitioner and is immaterial to this inquiry. Of course, a city cannot make successive provisional appointments so as to circumvent the civil service laws. Former subdivision 1 of section 15, in effect at the time, prohibits successive provisional appointments. New section 65, in effect April 1, 1959, contains a similar prohibition.

The language of rule XI of the Civil Service Rules for the County of Schenectady providing in part: "*Provisional, Temporary, Emergency, Seasonal and Substitute Appointments to Competitive Positions. Provisional.* Whenever there are urgent reasons for filling a vacancy in any position in the competitive class and there is no appropriate eligible list in existence for such position, the appointing officer may nominate a person to the Commission for noncompetitive examination and if such nominee shall be certified by the Commission as qualified after a noncompetitive examination, he may be appointed provisionally until selection and appointment can be

made after competitive examination. Such provisional appointment shall not continue more than twenty days after an eligible list has been established for such position and in no event for a period longer than four months * * * '' does not benefit petitioner since this provision is designed solely to prevent an extension of the time in which to obtain an eligible list. It was not intended to, and does not extend any temporary tenure rights to provisional employees and does not change the rule that such employees may be removed at will.

Decision and order should be reversed and petition dismissed, without costs.

BERGAN, J. P., COON, GIBSON and HERLIHY, JJ., concur.

Decision and order reversed, on the law and facts, and petition dismissed, without costs.