William C. Hecht, Jr., J.
Petitioner, who holds the position of motor vehicle operator in the New York City Housing Authority, seeks an order directing respondents to reclassify him from his present position to motor vehicle dispatcher, with annual salary increments from January 1, 1956.
Among other defenses to the petition respondents have asserted that the petition should he dismissed since the proceeding was commenced more than four months after adoption of the reclassification resolution of July 15, 1955.
■ Petitioner contends that his action is timely because his reclassification from auto engineman to motor vehicle operator in 1955 was provisional, pending completion of and subject to an on-the-job survey, and that as late as February 18, 1958 the personnel director wrote to him that the release of questionnaires for positions * * * had not yet been authorized. Having made a demand for reclassification in 1958, which was not refused, the limitation provided in section 1286 of the Civil Practice Act does not begin to run until after a refusal of his demand.
Respondents point out that the City Record contained an advertisement of a public hearing on July 15, 1955 which constituted constructive notice to petitioner that the resolution was intended to create a new motor vehicle occupational group in the competitive class under a new rule XI of the Rules of Civil Service. *201 The resolution as adopted provided for a table of equivalences which permitted only the reclassification of the old position of auto engineman to the new position of motor vehicle operator but did not permit the movement of an auto engineman to the position of motor vehicle dispatcher except by promotion examination. Thus, according to respondents, there was a final determination which bound petitioner and started the running of the limitation.
Moreover, petitioner had personal knowledge of respondents’ final action in denying him the position he now seeks, since on March 16, 1959 he filed an application for the advertised promotion examination to dispatcher and took the examination.
I agree with respondents that the resolution of July 15, 1955 was an exercise of their discretion and not a mere ministerial action. I reject the theory of a continuing wrong, under all the circumstances here, and on the issue of timeliness, respondents must prevail. (Matter of Alliano v. Adams, 2 A D 2d 532, affd. 3 N Y 2d 801.)
Although the Statute of Limitations precludes the relief sought, petitioner has failed to establish that respondents’ actions were arbitrary or invalid. There has been no showing that petitioner’s services at the time of reclassification were not properly measured, and he has failed to substantiate the claim that dispatching duties properly flowed from the duties of auto engineman, the position he held before reclassification. Petitioner may have been performing work out of title, but this did not preclude respondents from setting up standards for the new position and requiring that motor vehicle operators could only become dispatchers after passing a promotion examination.
Consequently, the application is denied and the petition is dismissed.