Seymour Bieber,
Spec. Ref. After a determination at Special Term, that the ‘ ‘ pleadings and accompanying papers and exhibits ’’-raised triable issues of fact, by stipulation of counsel, *381 two proceedings under article 78 of the Civil Practice Act were consolidated for the purposes of trial before me. Although only-one decision is rendered, a separate order may be entered in each matter.
Petitioners in the Brennan proceeding seek an order declaring the motor vehicle dispatcher eligible list in the Department of Hospitals appropriate for the positions of garage foreman and senior garage foreman. They also seek a determination that certain incumbents of these positions were provisionally appointed and that such appointments were illegal and void. They ask the court for money damages, to appoint them to the title of garage foreman, to restrain and enjoin the incumbents from continuing in their positions under the titles of garage foreman and senior garage foreman and to direct the holding of a promotion examination for the position of senior garage foreman.
The 16 intervenors-respondents in the Brennan proceeding are the petitioners in the consolidated Caslin proceeding. The Caslin proceeding seeks to compel the Personnel Director of the City of Few York, as a result of his “ On-the-job Survey ” (an incident of the city’s Reclassification and Career and Salary Plan), to recommend to the respondent Civil Service Commission a proper title classification for each of the petitioners and to compel the commission to reclassify their titles to the evaluated survey titles of garage foreman and senior garage foreman. The 14 intervenors-respondents in this proceeding are the petitioners in the Brennan proceeding.
Most of the relevant facts are not in dispute and were established upon the trial by concession of all parties. The Caslin petitioners are presently employed in the Department of Hospitals under the civil service title of motor vehicle operator. Each of them had obtained valid original appointments in the title then known as auto engineman, a part of the ungraded, competitive class of the classified civil service.
The record shows that prior to July 26,1955, the date on which their titles were reclassified from auto engineman to motor vehicle operator, additional duties were assigned to these petitioners under a departmental designation of garage foreman. Significantly, it was conceded that the Caslin petitioners had been tested and appointed under civil service regulations only to the afore-mentioned old title of auto engineman. Eight Caslin petitioners, however, did take the motor vehicle dispatcher promotion examination, but all except petitioner Taylor failed. The intervenors-respondents passed said examination and now constitute the first 14 eligibles on the resulting list. Parentheti *382 cally, it is to be noted that the promotion examination taken by Caslin petitioners was one for a grade only equal to that which they claim here to possess by virtue of the afore-mentioned departmental designations.
The vital factor which distinguishes this Caslin proceeding from the cited cases relied upon by these petitioners (e.g., Matter of Mandle v. Brown, 5 N Y 2d 51; Matter of Cook v. Kern, 278 N. Y. 195) is the documentary evidence which conclusively establishes that on or about January 12, 1961, all of the Caslin petitioners had accepted provisional appointments in the titles they seek here.
I am constrained to hold that despite the proof that additional duties were assigned to and, for many years, performed by the Caslin petitioners both prior and subsequent to the reclassification of their titles in July, 1955, applicable law renders the performance of such additional duties insufficient basis to warrant the relief sought by them. The only legal conclusion which can be drawn from their past assignment and performance of higher duties and responsibilities, pursuant to departmental designation, is, as respondents urge, that such services constituted out-of-title work, inasmuch as they were neither sanctioned nor authorized under these petitioners’ permanent title of motor vehicle operator (see Matter of Sabot v. City Civ. Serv. Comm., 23 Misc 2d 200, 201, affd. 11 A D 2d 927, motion for leave to appeal denied 8 N Y 2d 710). To interpret office or departmental designations and assignments in any other manner would, in effect, nullify the exclusive right of the respondent commission to exercise its statutory mandate to provide for appointment and promotion only by competitive examination. The mere fact that there were no promotional examinations to be taken in the Department of Hospitals or eligible lists from which appointments could be made does not and cannot affect Caslin petitioners’ status to the extent that it would sanction and create a means of permanent promotion in the competitive class of civil service, without examination, merely by an office or departmental designation-at-will.
Insofar as the titles here involved are concerned, appropriate civil service action after reclassification, pursuant to a “ Table of Equivalencies ”, permitted permanent acquisition, without promotion examination, of the position garage foreman only by such incumbents who, prior to reclassification, had vested rights to the title garage foreman, grade 3. Similarly, incumbents of the prereclassification title garage foreman, grade 4 could move up to the new title of senior garage foreman. It is of great import that none of the Caslin petitioners ever held the perma *383 nent grade 3 or 4, nor is there any evidence before me to indicate that any of them made any effort to object to or appeal from his reclassified title of motor vehicle operator or to any aspect of the reclassification during all of the period between the adoption of the reclassification resolution in July, 1955 until the institution of this proceeding. Consequently, under applicable civil service regulations they must now be deemed restricted from attaining these superior rights without qualifying therefor by appropriate civil service examination. To hold otherwise would, in effect, destroy the effectiveness and intent of our Civil Service Laws and the protection and promotional rights afforded thereby to others in competitive classified civil service positions (see Matter of Corrigan v. Joseph, 304 N. Y. 172, 181; Matter of Ackerman v. Kern, 256 App. Div. 626, affd. 281 N. Y. 87, 93, 97-98; Koso v. Greene, 260 N. Y. 491, 49-495).
Regarding the Caslin petitioners’ appointments on January 12,1961, it is well established that such temporary or provisional appointments can never ripen into a permanent status (see Matter of Williams v. Morton, 297 N. Y. 328). Under civil service rules, such appointees are not entitled to any of the advantages secured by a period of tenure (Matter of Fink v. Kern, 176 Misc. 114, 117-118, affd. 262 App. Div. 829). While such provisional appointments may, on occasion, be succeeded by permanent appointment, this may only occur properly by virtue of an examination and eligibility under applicable civil service regulations (Koso v. Greene, supra).
It should be noted that the “ On-the-Job ” surveys {supra), as part of the over-all Career and Salary Plan, had as their objective the reclassification of positions on the basis of duties and responsibilities. This plan was in no way concerned with the civil service tenure or status of any individual occupant of a particular title or position. Thus, despite their past performance of out-of-title work, by departmental designation and in their subsequent capacity as provisional appointees since January 12,1961, the Caslin petitioners permanent status remained unaffected by the “ On-the-Job ” surveys and they acquired no permanent rights to the titles garage foreman or senior garage foreman (see Career and Salary Plan Resolution, rule XI, § IY).
The apparent attendant harsh results to Caslin petitioners, after a long period of faithful and competent performance by them of their assigned duties, have not been overlooked or disregarded. The situation in which they find themselves, however, is an unfortunate one which can only be corrected or ameliorated by appropriate and necessary administrative or legislative action, It must also be considered that there are existing rights *384 of those who, perhaps after many years of waiting for such an opportunity, have now successfully taken the promotion examination and qualified for the position of garage foreman. These rights, likewise, cannot be overlooked or disregarded.
Giving due consideration to the foregoing, upon the evidence before me, I hold that there is no merit, in fact or in law, to Caslin petitioners’ claim that respondents’ refusal to reclassify their titles to the evaluated “ survey ” titles was discriminatory, illegal, arbitrary or capricious. Under existing applicable law, as hereinabove set forth, it necessarily follows that these petitioners are not entitled to the relief they seek in their proceeding.
As to the Brennan proceeding, in my opinion, the credible testimony and documentary evidence support the allegations of the petition. The testimony of respondents’ expert witness clearly substantiates the appropriateness of the common promotion examination given for the positions of motor vehicle dispatcher and garage foreman. Significantly, candidates for the respective positions had to answer, in addition to 80 identical questions, 20 other questions peculiar to each separate category.
Likewise, the appropriateness of an eligible list for the filling of positions is a determination which lies within the discretion of the respondent Personnel Director. In view of the absence of any proof of improper, illegal or arbitrary conduct on the part of such respondent, his determination here involved may not he interfered with by the court (New York City Charter, § 813 [1938]; Civil Service Law, §. 17, subd. 2). Nothing in subdivision 1 of section 61 of the Civil Service Law cited by the intervenors-respondents, requires a ruling to the contrary.
Accordingly, the Caslin application is denied and the petition is dismissed. With the exception of the request for damages, the Brennan petition is granted.