Edward S. Conway, J.
This is a proceeding by the petitioner under CPLR article 78 for an order directing the respondent to make an appointment of a person certified as eligible from the list certified by the Troy Civil Service Commission to fill the vacancy in the office of Chief of Police of the City of Troy, New York.
Petitioner is the president of the Troy Police Benevolent and Protective Association, Inc. The City of Troy is presently governed under a city charter which was implemented on January 1, 1964. Respondent holds the office of Commissioner of Public Safety under the said charter. The charter provides for a Chief of the Bureau of Police. On October 13, 1972 the then Chief of Police, James W. Doherty, retired and the office is presently vacant. There was established by the Troy Civil Service Col'mission an examination for the office of Chief '•f Police. The examination was conducted on January 19, 1973 and a list of successful candidates was certified by the commission to the City Manager who was also Acting Commissioner of the Bureau of Public Safety, on January 22, 1973. No appointment has been made to date from the list.
Petitioner contends that the City Charter in section 7.10 provides in unequivocal language that respondent must appoint the Chief, and petitioner further contends that he is acting on behalf of all the members of the Bureau of Police of the City *136 of Troy who have a vested interest in seeing to it that the provisions of the city charter are adhered to.
Respondent contends that the City Charter in section 7.02 makes it permissive rather than mandatory that a Chief of Police he appointed and that article VI of the contract between the Troy Police Benevolent Association and the City of Troy provides that the determination to appoint-or not to appoint a Chief of Police is a management function entirely discretionary with the Commissioner of Public Safety. Respondent further contends that the petitioner has no standing to bring this action.
The Charter of the City of Troy in section 7.02 provides, insofar as pertinent, as follows: “ 7.02. Commissioner of Public Safety. There shall be a commissioner of public safety, who shall be head of the department of public safety and shall have supervision and control of the bureau of police, the bureau of fire and the bureau of weights and measures. He shall be appointed by the city manager for an indefinite term of office and may appoint, with the approval of the manager and in conformity with the rules of the municipal civil service commission, a chief of the bureau of police, a chief of the bureau of fire and a sealer of weights and measures.”
Section 7.10 of the Charter provides in effect that if and when the Commissioner of Public Safety does appoint a Chief of Police he must choose said person from an eligible list prepared by the municipal Civil Service Commission on the basis of an unassembled examination.
This court cannot direct the respondent to appoint eligibles to fill the existing vacancy, since that determination must rest in the discretion of the appointing officer, and the appropriateness of a civil service eligible list for filling positions is a determination lying within the discretion of the respondent Commissioner of Public Safety. (Matter of Brennan v. Trussell, 38 Misc 2d 380, 384, affd. 24 A D 2d 842.) Those who are on the eligible list do not possess a vested right to appointment ; their only right as long as their eligible list remains in force is to insist that no appointments be made to vacant positions except from that list. (Hurley v. Board of Educ. of City of N. Y., 270 N. Y. 275, 279.)
Furthermore, the petitioner herein has not exhausted his administrative remedies pursuant to the Police Benevolent Association’s contract with the City of Troy, and this is á prerequisite before, bringing an article 78 proceeding.
The petition of Thomas Blake is therefore dismissed..