■ In the Matter of the Arbitration between the CITY OF BINGHAMTON, Respondent, and BINGHAMTON CIVIL SERVICE FORUM, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered December 7, 1976 in Broome County, which granted petitioner's application to stay arbitration. On August 22, 1975, Edward W. Jowett was provisionally appointed to the position of Senior Planner in the Department of Community Development of the City of Binghamton. He had received similar appointments in July, 1974, and in October, 1974. Subdivision 2 of section 65 of the Civil Service Law provides that no provisional appointment shall continue for a period in excess of nine months. Jowett's provisional appointment being due to expire on May 21, 1976, the Director of the Department of Community Development filed a request for renewal of his provisional appointment on May 10, 1976. Mr. Jowett was requested to furnish proof of residency which he failed to do and, on May 26, 1976, he was advised to discontinue all work for the department. He protested, asserting that he owned and occupied a residence in the City of Binghamton which fact was on record with the proper city officials. The Director of the Department of Community Development, by letter dated June 2, 1976, advised him that after giving careful consideration to your request for reappointment as Senior Planner, "I have concluded that your services are no longer desired by me in the Department." His employment was thus terminated retroactively as of May 21, 1976. The appellant, Binghamton Civil Service Forum, the recognized city employee representative for purposes of collective bargaining and grievances, filed a grievance on behalf of Edward Jowett pursuant to the provisions of article VII of the collective bargaining agreement between it and the City of Binghamton. The grievance alleged that Jowett had been discharged without just cause and without written notice to appellant and Jowett of the reasons therefor, as required by article IX of the collective bargaining agreement. On June 15, 1976, the parties met pursuant to step 3 of the grievance procedure to discuss the grievance. On June 23, 1976, the city denied the grievance on the ground that the collective bargaining agreement does not require the reappointment of a provisional employee. Appellant then served a demand for arbitration pursuant to step 4 of the grievance procedure, seeking reinstatement with back pay and restoration of other contractual rights. On July 16, 1976, the city advised appellant that a petition to stay arbitration would be filed, and that it did not intend to select an arbitrator at this time. On or about July 21, 1976, the city commenced this proceeding for a judgment staying arbitration alleging that the collective bargaining agreement does not and cannot compel the city to arbitrate whether a provisional appointment shall be made because section 2 of article XVIII of the agreement specifies that vacancies shall be filled in accordance with civil service rules of procedure, and a mandate in the agreement compelling an appointment to an existing vacancy would violate section 1 of article IX of the New York State Constitution. Special Term granted a stay of arbitration stating that the failure of the appointing authority to exercise its discretion to reappoint Mr. Jowett was not arbitrable. Appellant contends that Mr. Jowett, as a member of a collective bargaining unit, is protected by the provisions of the collective bargaining agreement, and the city's application of statutory grounds for dismissal circumvents its contractual obligations. Section 65 of the Civil Service Law authorizes provisional appointments whenever there is no eligible civil service list from which to fill a vacancy, pending a permanent

appointment after competitive examination. Provisional appointments are limited to a period of nine months and successive provisional appointments are prohibited, unless an examination fails to produce a list adequate to fill all positions held on a provisional basis, or where the list is exhausted immediately following its establishment. A provisional employee has no tenure of office, may be removed at will, and is not entitled to a review of his discharge under the provisions of the Civil Service Law *(Matter of Riggi v Blessing,* 9 AD2d 423, affd 10 NY2d 917). Appellant's contention that the city, under the terms of the collective bargaining agreement, has chosen to limit or modify the extent of discretion to be exercised by its appointing officers under section 65 of the Civil Service Law, is without merit. A public employer's power to bargain collectively is limited to such matters which are not plainly and clearly prohibited by statute, decisional law, or restrictive public policy *(Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774). The statutory scheme for provisional appointments contained in section 65 of the Civil Service Law implicitly prohibits collective bargaining by a public employer as to the renewal of a provisional appointment. Failure of the appointing authority to reappoint the provisional employee at the end of his nine-month term, whether for disciplinary reasons or for no reason at all, is not a proper subject for arbitration, and the judgment should be affirmed. Judgment affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.