In the Matter of WILLIAM HESLIN, as President of the Cohoes Police Benevolent and Protective Association, Appellant, v CITY OF COHOES, Respondent.

Third Department, May 22, 1980

## APPEARANCES OF COUNSEL

*Rowley & Forrest, P. C. (Gunter Dully* and *Richard R. Rowley* of counsel), for appellant.

*James D. Harrington, Corporation Counsel (Thomas O'Sullivan* and *Sarah van Lier* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

In accordance with the procedure set forth in its collective bargaining agreement with the respondent city, the petitioner has pursued grievances on behalf of its members, Westfall and Decatur, the only two persons whose names appear on an existing civil service list for appointment to the position of Captain in the Cohoes Police Department. Their grievances arose because the city appointed one George Donahue, provisionally, to the position of Police Captain and his name was not on the eligible list. The petitioner contends that the collective bargaining agreement insofar as it binds the city to past practices was violated because in the past the city had, on occasion, resorted to the lists—even statutorily insufficient

ones—when appointments were made provisionally in the police department and that this past practice, as agreed to in collective bargaining, binds the city to appoint one of the two grievants from the list to the position of Police Captain that it desired to fill.

The arbitrator to whom the controversy was submitted made an award (1) concluding that the respondent city violated the collective bargaining agreement when it provisionally appointed George Donahue to the position of Police Captain; (2) compelling the respondent city to appoint to that position on a permanent or provisional basis one of the two grievants herein whose names are the only ones appearing on an eligible civil service list; (3) directing the city to make the eligible selected whole for any loss of earnings with interest at 3% from the date it appointed the present holder provisionally; and (4) retaining jurisdiction in the arbitrator in the event a dispute arises as to the calculation of moneys due to the person selected.

At Special Term the petitioner moved to confirm the award; the respondent cross-moved to vacate such award, a motion that could be considered even if not made (*International Components Corp. v Klaiber,* 59 AD2d 853). Special Term held that the statutory authority of the Civil Service Law precludes a contractual agreement to use an eligible list containing fewer than three names and dismissed the petition. While such dismissal was not strictly in conformity with the provisions of CPLR 7511 which permits only the (1) vacating, (2) modifying or (3) confirming of such award, the effect of this determination was clearly to grant the respondent's motion to vacate the award, for the reasons stated by Special Term, which, in effect, decided that the arbitrator's award exceeded his authority under CPLR 7511 (subd [b], par 1, cl [iii]).

Although the relief demanded in the city's answer is limited insofar as it fails to raise a public policy issue, the answer does demand "such other and further relief as to the court may seem just and proper", and is, therefore, sufficiently broad to have allowed Special Term to consider that issue; and Special Term could have done so, even though the award made was agreed to by the parties (*Garrity v Lyle Stuart, Inc.,* 40 NY2d 354).

In this court, and apparently for the first time, the respondent challenges the award made on the following grounds: (1) that the provisions of the Civil Service Law prohibited the city

from bargaining away any of its discretion in making provisional appointments; (2) that the award exceeds the scope of the arbitrator's authority; (3) that article 75 is procedurally improper to challenge the respondent's action, article 78 being required.

■ The basis of the first challenge interjects a public policy consideration into the proceeding and, therefore, may be raised by the respondent for the first time, on appeal, in this court (*Matter of Niagara Wheatfield Administrators Assn. [Niagara Wheatfield Cent. School Dist.]*, 44 NY2d 68, 72), and if a violation be found, for that reason, this court can vacate the award without the necessity of remanding to the arbitrator for corrective action (*Garrity v Lyle Stuart, Inc., supra*). Article 75, not article 78 review, is, therefore, procedurally appropriate.

■ When the city resorted to the promotional lists on past occasions to fill vacant positons in its police department, it did so, inferentially, because the person appointed suited the city's desired qualifications for the particular position and the person selected would have been appointed provisionally whether or not his name appeared on an eligible list. It does not follow from the occasional past practice of resorting to such lists that the statutory provisions of subdivision 1 of section 61 and section 65 of the Civil Service Law can be collectively bargained away. If it did, the city would always be compelled to appoint from the lists, even if they contained only one name and even if that person, in the city's judgment, lacked all the other necessary qualifications or requirements for the position, except having passed the civil service examination. This result contravenes public policy by defying the provisions of the Civil Service Law (§ 61, subd 1; § 65) which the Legislature has enacted and which, therefore, is the public policy of this State.

The city's power to bargain collectively is limited to such matters that are not plainly and clearly prohibited by statute, decisional law or restrictive public policy (*Matter of Cohoes City School Dist. v Cohoes Teachers Assn.*, 40 NY2d 774), and it has already been held by this court that section 65 of the Civil Service Law implicitly prohibits collective bargaining agreements as to provisional appointments, the nature and extent of such appointments being constitutionally (NY Const, art V, § 6) and statutorily prescribed (*Matter of City of Binghamton [Binghamton Civ. Serv. Forum]*, 63 AD2d 790). It

follows for the same reason that the statutory scheme of subdivison 1 of section 61 of the Civil Service Law, giving the city the right to select "one of three" for permanent civil service appointment, cannot be the subject of collective bargaining either, and that a list containing fewer than three eligible names does not comply with that statute, and an appointment therefrom cannot be compelled *(Matter of Redman v New York City Tr. Auth.,* 14 AD2d 911). *Matter of Sprinzen (Nomberg)* (46 NY2d 623), cited by the dissent, is inapposite for that case did not consider appointments to public employment which are statutorily prescribed in the Civil Service Law.

■ The award exceeds the arbitrator's powers in another respect. The city is not afforded the opportunity to terminate the appointment made and leave the position vacant. As a provisional appointee, the present holder serves at the will of the city only *(Matter of City of Binghamton [Binghamton Civ. Serv. Forum], supra),* and the city has the right to appoint or not appoint and this right must be afforded it *(Matter of Turel v Delaney,* 287 NY 15).

■ Inasmuch as the city cannot be compelled to fill the position, neither of the grievants herein has shown any entitlement to appointment and, therefore, cannot be awarded compensation consisting of back pay with interest for failing to have been appointed.

The award as made by the arbitrator exceeds his powers (CPLR 7511, subd [b], par 1, cl [iii]) because public policy forbids such a practice being the subject of collective bargaining, and it should, therefore, be vacated in all respects and the judgment of Special Term should otherwise be affirmed.

The judgment should be modified, on the law, by adding thereto a provision vacating the award, and, as so modified, affirmed, with costs to respondent.

HERLIHY, J. (dissenting). It is undisputed by the respondent that it promoted a person to the position of Police Captain who was not on an established eligible list. The eligible list was composed of two members of the police department and the petitioner pursued grievances on behalf of the two men. The respondent in its answer to the petition herein admits that "promotional policies may be lawfully negotiated under article 14 of the Civil Service Law", and, that it had agreed in its collective bargaining agreement with petitioner to arbi-

trate grievances as to negotiable items. The parties submitted to arbitration and the arbitrator made the following award:

"The City violated the collective bagaining agreement when it appointed George Donahue on a provisional basis to the position of Captain in the Cohoes Police Department on July 15, 1977.

"The City is hereby directed forthwith to make a selection between those individuals who had been certified as eligible for the position, namely the two Grievants, Kenneth F. Westfall and Jeffrey P. Decatur and appoint the person selected to the position of Captain in the Cohoes Police Department, on either a permanent or a provisional basis. The City is further directed to make the person selected whole for any loss of earnings or any other benefits suffered by him as a result of the appointment of a person not qualified to fill the position on July 15, 1977. Interest at 3% per annum is to be included in the calculation of monies owed to the person selected.

"Pursuant to the agreement of the Parties, the undersigned retains jurisdiction in the event any dispute should arise as to the calculation of monies owed to the person selected."

The petitioner brought the instant proceeding, pursuant to CPLR article 75, for confirmation of the award, and the respondent offered the defenses that the award exceeded the issue presented to the arbitrator and was arbitrary in that he ordered the respondent to appoint one of the two eligible police officers to the position of police captain. The respondent's answer sought a modification of the award as follows:

"WHEREFORE, respondent respectfully requests that an order issue from this court modifying the award of the arbitrator to read as follows:

"That the grievance be granted and that the court confirm that the City violated the collective bargaining agreement when it appointed George Donahue on a provisional basis to the position of Captain in the Cohoes Police Department on July 15, 1977 and deleting from the award the direction to appoint one of the two persons whose names appeared upon the eligible list and further deleting from the award the payment of interest on back salary to the person named; and remitting the matter to the arbitrator for a further decision pertaining to the question of back pay so that the arbitrator may determine in what proportion the claimed back pay is to be paid to the individual grievants in the aforementioned

arbitration proceedings; and directing that judgment be entered on the above finding holding that in the event the City of Cohoes continues to fill the position of Captain in the Police Department, that the position be filled by a person whose names appear on an eligible list for such position."

Special Term has found that a public employer *cannot* deviate from the requirement of subdivision 1 of section 61 of the Civil Service Law that promotion "shall be made by selection of one of the three persons" on an eligible list. Accordingly, it appears to have found that express statutory direction precludes any contractual agreement to use an eligible list containing less than three names for the purpose of a promotion. (Cf. *Matter of Sprinzen [Nomberg]*, 46 NY2d 623.)

However, at issue in this proceeding was a *provisonal appointment* and such a matter is controlled by section 65 of the Civil Service Law, which generally provides for appointment of anyone selected by the employer (appointing person) "if such nominee shall be certified by the [appropriate civil service authority]" (Civil Service Law, § 65, subd 1). The respondent has failed to demonstrate that its past practice of appointing only persons already on an eligible list (presumably thereby eliminating a need for separate consent by a civil service authority) violated public policy. As recently stated in the case of *Matter of Sprinzen (Nomberg) (supra,* p 630): "The courts, however, must exercise due restraint in this regard [vacatur of awards for violating public policy], for the preservation of the arbitration process and the policy of allowing parties to choose a nonjudicial forum, embedded in freedom to contract principles, must not be disturbed by courts, acting under the guise of public policy, wishing to decide the dispute on its merits, for arguably every controversy has at its core some issue requiring the application, or weighing, of policy considerations."

The public policy against *imposing* restrictions upon the discretion of an appointing officer in following the provisions of section 61 of the Civil Service Law relative to appointments from eligible lists is well established (see *People ex rel. Balcom v Mosher,* 163 NY 32). The same policy would reasonably apply to section 65 of the Civil Service Law; however, there is no restriction imposed from an external source in the present situation. At most the present position of the parties was a voluntary surrender by the appointing authority of the full

range of possibilities available to it for the duration of the contract period.

The award does not direct a *permanent* appointment prior to the establishment of a statutorily sufficient eligible list or that the two grievants must be the only ones so appointed when such a list is available, and we do not in this proceeding pass upon the public policy as to such an assumed or contractual obligation.

Based upon the relief sought by the respondent and its admission that the arbitrator correctly found it violated the collective bargaining agreement, that back pay is an issue for the arbitrator and is payable, and that if it fills the position it can only be from the eligible list, an expansive approach to public policy consideration is not warranted. The respondent has failed to demonstrate any fundamental precept of civil service employment which is substantially violated to the prejudice of the public and/or its employees. Requiring a provisional appointment to the title of police captain of one of the two persons on the eligible list at the time when the original appointment was made does not render the award subject to judicial modification. *(Matter of North Colonie Cent. School Dist. [North Colonie Teachers' Assn.],* 46 NY2d 965, affirming on opinion of Mr. Justice MAIN, 60 AD2d 496; cf. *Matter of Levine [Zurich American Ins. Co.],* 49 NY2d 907.)

It should be finally noted that no motions or other proceedings were made to the arbitrator for clarification, modification, reargument or to a court for a stay of proceedings.

The judgment should be reversed, and the motion to confirm granted in all respects, with costs.

MAHONEY, P. J. (dissenting). I agree with the analysis of my codissenter and conclude that the respondent City of Cohoes did not violate public policy by agreeing to abide by its past practice of making provisional appointments from an eligible list which contained less than three names. In *Matter of Sprinzen (Nomberg)* (46 NY2d 623), the Court of Appeals clearly cautioned courts to refrain from disturbing the arbitration process, under the guise of public policy, unless "public policy considerations, embodied in statute or decisional law, prohibit, in an absolute sense, particular matters being decided or certain relief being granted by an arbitrator" *(supra,* p 631). In this case, there is no prohibition, statutory or

otherwise, against the City of Cohoes selecting one of the two individuals on the eligible list for the position of police captain on a provisional basis. The applicable statute (Civil Service Law,§ 65, subd 1) allows a municipality wide discretion in making provisional appointments and I fail to see how the city's voluntary decision to limit that discretion and choose from among those who have scored well on a competitive examination, certainly a relevant criterion upon which to base an appointment, is violative of public policy. Therefore, that portion of the award which found the city in violation of the past practice clause in the collective bargaining agreement when it hired George Donahue should be confirmed.

The same rationale applies to that portion of the arbitrator's award which directed the city to appoint provisionally one of the two persons whose names appeared on the eligible list and award that person back pay. Nothing *prohibits* either of these people from being appointed and, while a directive to appoint presently may limit the city's usual discretion in deciding whether to even fill a position, the city still has the absolute right to fire a provisional employee at any time (see *Matter of City of Binghamton [Binghamton Civ. Serv. Forum]*, 63 AD2d 790). This portion of the award should also be confirmed.

While it may be true that persons whose names appear on an eligible list have no vested rights in a position until such time, if ever, as they are appointed *(Hurley v Board of Educ. of City of N. Y.,* 270 NY 275, 279; *Matter of Blake v O'Connor,* 75 Misc 2d 135; see *Matter of Cassidy v Municipal Civ. Serv. Comm. of. City of New Rochelle,* 37 NY2d 526) and thus are not entitled to back pay, an arbitrator's award will not be vacated for errors of law *(Matter of Sprinzen [Nomberg],* 46 NY2d 623, 629, *supra).*

There is, however, one portion of the award which should not be confirmed since it does violate public policy. The arbitrator directed the city to appoint one of the two persons on the eligible list to the position of police captain "on either a *permanent* or a provisional basis". Unlike the directive to provisionally appoint, the alternative mandate to make a permanent appointment would violate a specific statutory prohibition against such appointments in the absence of an eligible list containing three names (Civil Service Law, § 61, subd 1). It would thus be contrary to public policy for the City of Cohoes to comply with the arbitrator's award by attempting

to appoint permanently one of the two persons whose names appeared on the eligible list. Since this change in the arbitrator's award cannot be effected by judicial modification (CPLR 7511, subd [c]), the award must be vacated and the matter remanded to the arbitrator.

Accordingly, I would reverse the judgment of Special Term, reinstate the petition, vacate the arbitrator's award, and remit the matter to the arbitrator for further proceedings not inconsistent with the foregoing analysis.

SWEENEY and STALEY, JR., JJ., concur with CASEY, J.; MAHONEY, P. J., and HERLIHY, J., dissent and vote to reverse in separate opinions.

Judgment modified, on the law, by adding thereto a provision vacating the award, and, as so modified, affirmed, with costs to respondent.