STATE DIVISION OF HUMAN RIGHTS, on Complaint of STEPH-
ANIE CAREY, Respondent, v HUMAN RIGHTS COMMIS-
SION OF SYRACUSE AND ONONDAGA COUNTY, by NOR-
MAN T. PINKARD, as Executive Director, Petitioner.

Fourth Department, February 26, 1981

## APPEARANCES OF COUNSEL

*Robert J. Rossi (D. Jeffrey Gosch* of counsel), for Onondaga County Attorney, petitioner

*Anne Thacher Anderson (Elaine Berger* of counsel), for State Division of Human Rights, respondent.

### OPINION OF THE COURT

DILLON, P. J.

Complainant, a former employee of petitioner and qualified to fill any one of three positions which were vacant on petitioner's staff in August, 1973, filed a complaint with the State Division of Human Rights (Division) claiming that petitioner denied employment to her in retaliation for her having previously filed a complaint with that agency. The Commissioner of the Division determined that petitioner was guilty of a retaliatory practice against complainant, ordered that petitioner offer her a provisional civil service appointment, and awarded compensatory damages in alternative form. Upon affirmance of that determination by the State Human Rights Appeal Board, petitioner seeks judicial review of those proceedings (Executive Law, § 298).

At the outset, we find no merit to petitioner's claim that evidence of inculpatory statements made by petitioner's executive director was not admissible upon the hearing. Although statements made in the course of conciliation of a dispute are not to be received in evidence (Executive Law, § 297, subd 4, par a), the executive director's statements were made to the Division's regional director while the latter was pursuing investigation, not conciliation, of the complaint. With that evidence validated in the record, the commissioner's finding that petitioner denied employment to complainant in retaliation for her having previously filed a complaint is supported by substantial evidence

(see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176).

Equally without merit is petitioner's claim that because more than five years elapsed from the filing of the complaint to its disposition by the State Human Rights Appeal Board, the Division was divested of jurisdiction. Petitioner was responsible for approximately 20 months of the delay and, in any event, has failed to demonstrate substantial prejudice *(Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816, 818).

█ Part of the award fashioned by the commissioner, however, must be vacated. It impermissibly directs petitioner to offer provisional employment to complainant as a "Field Representative, Community Relations Specialist, or Contract Compliance Officer". While public employers are not excluded from the sanctions directed against discriminatory practices under the Human Rights Law *(City of Schenectady v State Div. of Human Rights,* 37 NY2d 421, 430; *Board of Educ. v New York State Div. of Human Rights,* 42 AD2d 49, 51, affd 35 NY2d 673), it is well established that the division is powerless to direct the permanent appointment of civil service employees *(City of Schenectady v State Div. of Human Rights, supra; State Div. of Human Rights v County of Oswego,* 62 AD2d 1151; *Matter of New York City Dept. of Personnel v New York State Div. of Human Rights,* 56 AD2d 795). An order which makes such a direction will not be enforced because it would "in effect deprive the appointing authority of the power of selection" *(City of Schenectady v State Div. of Human Rights,* 37 NY2d 421, 430, *supra*).

The power of selection of permanent civil service employees is established in section 61 of the Civil Service Law. A similar power respecting provisional appointees is established in section 65 of that law. Since the making of both permanent and provisional appointments is established by statute and the discretion to appoint is left to the appointing authority, there is no reason to distinguish between permanent employment and provisional employment in the context of this case (cf. *Matter of Heslin v City of Cohoes,* 74 AD2d 393; *Matter of City of Binghamton [Binghamton Civ. Serv. Forum],* 63 AD2d 790). To do so would serve

to divest the appointing authority of his discretion *(City of Schenectady v State Div. of Human Rights,* 37 NY2d 421, *supra)*; would curtail the public employer's right to terminate provisional employees at will (see *Russell v Hodges,* 470 F2d 212); and would divest the appointing authority of his right to leave a position vacant if he so chose *(Matter of Heslin v City of Cohoes, supra)*. Thus the direction to petitioner to offer employment to complainant must be vacated.[1]

We turn now to the award of money compensatory damages. The commissioner's order, to the exclusion of the alternative computation, provides for a primary award based upon "the date of the last [civil service] examination given for" the positions of "Field Representative, Community Relations Specialist, or Contract Compliance Officer", if one or more such examinations had been held since August, 1973. Since the record reflects that this condition has been met, the award may independently be confirmed unless it is so arbitrary or capricious as to constitute an abuse of discretion, thus to be erroneous as a matter of law *(Matter of Mize v State Div. of Human Rights,* 33 NY2d 53, 55). While the commissioner has broad authority and discretion in fashioning remedies and in awarding compensatory damages *(Matter of Maloff v City Comm. on Human Rights [Schriber],* 46 NY2d 902; *New York Inst. of Technology v State Div. of Human Rights,* 40 NY2d 316; Executive Law, § 297, subd 4, par c), the relief granted ordinarily may not be punitive nor may it be "unreasonably large under the circumstances" *(Batavia Lodge No. 196, Loyal Order of Moose v New York State Div. of Human Rights,* 35 NY2d 143, 147).

It is the clear purpose of the award that the com-

---

1. An issue we need not reach arises from the alternative award of compensatory damages, the amount of which was to be determined on the basis of lost salary "for the period commencing September 1, 1973, to the date complainant accepts or declines the offer of employment". In the view we take in deciding this case, the alternative award, by the terms of the Division's order, will never take effect. Thus it is unnecessary to hold, as we otherwise would, that "[s]ince the award of compensatory damages is dependent upon the offer of appointment and since that part of the commissioner's order is defective, the monetary award was also invalid" *(City of Schenectady v State Div. of Human Rights, supra,* p 430).

pensatory damages were to bear relation to the wages the complainant lost as a result of her failure to have obtained provisional employment. The commissioner found that the complainant was qualified for all three positions which were vacant in August, 1973. While it is obvious that she could have filled only one, the order presumes that the one to which she would have been appointed, absent retaliation, was that for which an examination was to be least proximate in time, thus awarding complainant the maximum of alternative possibilities.[2] In view of the breadth of the commissioner's authority to direct remedies which will "effectuate the purposes" of the Human Rights Law (Executive Law, § 297, subd 4, par c), the formula employed, while concededly speculative, does not give rise to an unreasonably large award in the circumstances and may not be said to be erroneous as a matter of law.

Nor should the award be vacated on the basis that the order is internally inconsistent in awarding "a sum of money based on the average salary of the * * * three positions", rather than upon the actual salary of the position for which the "last examination" was given. Indeed, the monetary award to complainant so computed conceivably could be less than the actual wages lost.

Accordingly, the order and determination should be modified in accordance herewith and, as modified, should be confirmed; the cross motion for an order of enforcement consistent herewith should be granted.

HANCOCK, JR., DOERR, DENMAN and MOULE, JJ., concur.

Order and determination unanimously modified, and as modified confirmed, without costs, in accordance with opinion by DILLON, P. J.; cross motion for an order of enforcement consistent herewith granted.

---

2. Subdivision 2 of section 65 of the Civil Service Law provides that no provisional appointment shall continue for a period in excess of nine months. We do not address any issue which might arise from that provision since none was raised by the parties.