■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of ARLENE S. COTTONGIM, Respondent, v COUNTY OF ONONDAGA SHERIFF'S DEPARTMENT, Petitioner.—Determination unanimously modified on the law and as modified confirmed without costs, in accordance with the following memorandum: Complainant, a white female, was appointed as a Deputy Sheriff of the Onondaga County Sheriff's Department in 1974. In April 1979, she resigned in lieu of dismissal and in August 1979, filed a complaint with the Division of Human Rights alleging that she was compelled to resign as a result of race and sex discrimination. Following a hearing, the Hearing Officer recommended that the complaint be dismissed, but the Commissioner rejected this recommendation and issued an order finding an unlawful discriminatory practice based on sex and race and directed her reinstatement, with back pay and benefits as well as compensatory damages of $30,000.

There is substantial evidence supporting the determination that complainant was forced to resign because of race and her sex. Thus, the Commissioner correctly determined that the Sheriff's Department committed an unlawful discriminatory practice (Executive Law § 296 [1] [a]).

However, we find the award of compensatory damages for mental anguish grossly excessive. Complainant testified that she was upset, depressed, felt demeaned and insecure and still

experiences nightmares. There is no indication of the length of time these consequences were suffered or the frequency of nightmares. The record does not reveal that complainant sought medical or psychological attention or took any medication. Accordingly, we reduce the award of damages for mental anguish to $15,000 (see, e.g., *Matter of Board of Educ. v State Div. of Human Rights,* 109 AD2d 988, 990-991). (Human Rights Law proceeding transferred by order of Supreme Court, Onondaga County, Grow, J.) Present—Dillon, P. J., Callahan, Green, Balio and Davis, JJ.