■ SUNY COLLEGE OF ENVIRONMENTAL SCIENCE AND FORESTRY et al., Petitioners, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Determination unanimously modified on the law and as modified confirmed without costs, in accordance with the following memorandum: The record supports

the factual determination of discrimination made by the Commissioner. However, the award of compensatory damages for mental anguish was excessive *(Matter of Almeter v State Div. of Human Rights,* 133 AD2d 530; *State Div. of Human Rights v County of Onondaga Sheriff's Dept.,* 127 AD2d 986, *affd* 71 NY2d 623). Respondent Wilson testified regarding the persistent daily sexual harassment to which she was subjected during the period that she was employed at petitioner college. Wilson further testified with respect to the significant physical manifestations that resulted from her emotional distress and that she was so affected by the experience that she was unable to attend college the following semester. Although respondent's testimony was clearly sufficient to establish mental anguish and humiliation, we are of the view that the sum of $150,000 is excessive and we reduce the damage award to $100,000 *(see, State Div. of Human Rights v County of Onondaga Sheriff's Dept. supra,* at 986).

The Commissioner's award of back pay also must be reduced to limit the compensation to a period of 1½ years following respondent's unlawful termination. Respondent testified that she expected to remain in the job only as long as she was a student and that she expected to be a student only for an additional 1½ years before obtaining her college degree. We reduce the award accordingly.

Finally, we reject petitioner's claim that administrative delay warrants dismissal of the complaint *(see, State Div. of Human Rights v Human Rights Commn.,* 79 AD2d 181). (Executive Law § 298 proceeding transferred by order of Supreme Court, Onondaga County, Stone, J.) Present—Denman, J. P., Green, Pine, Lawton and Davis, JJ.