■ In the Matter of the CITY OF NEW YORK, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent. [645 NYS2d 14] —Determination of respondent State Division of Human Rights dated September 22, 1994, which, *inter alia*, awarded the complainant back pay and compensatory damages of $100,000, modified, on the facts, to reduce the award of compensatory damages to $60,000, and the proceeding brought pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, New York County [Charles Ramos, J.], entered on March 8, 1995) is otherwise disposed of by confirming the remainder of the determination, without costs.

Substantial evidence supports the finding of discrimination on the basis of national origin (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 179-183), the replacement of the complainant with an employee of the same national origin notwithstanding (*see, Sogg v American Airlines*, 193 AD2d 153, 161-162, *lv dismissed* 83 NY2d 846, *lv denied* 83 NY2d 754). However, the award of compensatory damages does not reflect awards for similar discriminatory conduct (*see, Thoreson v Penthouse Intl.*, 179 AD2d 29, *affd* 80 NY2d 490; *SUNY Coll. of Envtl. Science & Forestry v State Div. of Human Rights*, 144 AD2d 962), and we accordingly reduce it as indicated. Concur—Rosenberger, J. P., Wallach, Nardelli and Williams, JJ.

Kupferman, J., dissents in a memorandum as follows: I would reverse, grant the petition, and annul the award.

The claimant, who is Hispanic, was hired by the Department of Sanitation ("Department") in September 1982 to be its Equal Employment Opportunity Officer. His duties were to investigate allegations of discrimination in the Department, draft internal procedures to stop employment bias and manage recruitment campaigns for potential employees and to compile and report statistics on the ethnic makeup of the Department.

As the claimant presents it, there was blatant discrimination in the Department against minorities and especially against Hispanics. Because the claimant was properly doing the job for which he was hired, he was told that if he did not resign, he would be blackballed.

While there are variations on the above theme, including problems with the claimant hiring his brother, it is obvious that the claimant was not discriminated against because he was Hispanic. In fact, that was the reason he was employed and his only problem was that he did his job too well. Whatever discrimination there was in the Department was not directed against him.