■ IRVINE BRYER, Petitioner, and CORONA CONGREGATIONAL CHURCH, Appellant, v NEW YORK CITY COMMISSION ON HUMAN RIGHTS, Respondent, et al., Respondent. [672 NYS2d 714] —Order and judgment (one paper), Supreme Court, New York County (Beatrice Shainswit, J.), entered September 9, 1996, which denied and dismissed the petition and confirmed a decision and order of respondent Commission on Human Rights dated December 16, 1992, which, in relevant part, affirmed the finding of an Administrative Law Judge, after a hearing, that petitioner was vicariously liable to complainant for the discriminatory acts of its employee, but which rejected the Administrative Law Judge's recommendation of an award of compensatory damages for mental anguish in the amount of $50,000, instead awarding $100,000, unanimously affirmed, without costs.

The argument that appellant's minister was not acting within the scope of his employment when he harassed the complainant raises issues of fact not appropriately advanced for the first time in this CPLR article 78 proceeding (*see, Matter of Sichel v Aponte*, 210 AD2d 184). Were we to consider the argument, we would find that the minister's actions were not wholly personal in nature. There is substantial evidence to support the finding that the minister, a supervisor, used his actual authority, conferred by appellant, to further the harassment of complainant, and further, substantial evidence showed appellant to have acquiesced in its minister's harassing conduct (*see, Espaillat v Breli Originals*, 227 AD2d 266, 267). Given the extent of complainant's mental suffering (*compare, SUNY Coll. of Envtl. Science & Forestry v State Div. of Human Rights*, 144 AD2d 962, 963), the award for mental anguish was not arbitrary and capricious, nor did it constitute an abuse of discretion (*see, Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 217). Concur—Sullivan, J. P., Milonas, Rosenberger, Nardelli and Williams, JJ.