■ ANGEL NUNEZ, Appellant, v CITY OF NEW YORK et al., Respondents. [842 NYS2d 26]——

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered July 31, 2006, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, the matter converted to a contempt proceeding, and remanded for a hearing thereon.

Plaintiff, a former Sanitation employee, brought this action in 1999, alleging defendants had failed to comply with a prior judgment of this Court (*Matter of City of New York v New York State Div. of Human Rights*, 229 AD2d 307 [1996], *lv denied* 89 NY2d 801 [1996]) that ordered reinstatement to his former position or appointment to an alternative position with comparable rank, pay and benefits. Plaintiff has not been reinstated to his former position or its equivalent.

The complaint was dismissed on grounds, inter alia, that plaintiff, an attorney, had waited 15 months before bringing the action, was himself responsible for the delay in bringing it to the attention of the Court by failing to file a request for judicial intervention, and was thus guilty of laches. This erroneous analysis overlooks the fact that both plaintiff and defendants had contributed to the delay.

Plaintiff's recourse was a contempt proceeding. It was futile to insist that he bring a new complaint with the Division of Human Rights before seeking enforcement. Under these circumstances, the court's refusal to exercise its jurisdiction to convert this improperly brought action into its proper form (*see* CPLR

103 [c]) was an abuse of discretion. In remanding this matter, we do not pass, on this record, on the merits of a contempt proceeding. Concur—Mazzarelli, J.P., Saxe, Friedman, Marlow and Williams, JJ.