John PUGLISI, Plaintiff,

v.

UNDERHILL PARK TAXPAYER ASSOC., Ron Gallo, Robert DeMeo, Marilyn Morgante, "John Doe" and "Jane Doe," Defendants.

John PUGLISI, Plaintiff,

v.

Richard CARROLL, Individually and as Building Inspector of the Village of Tuckahoe, Matthew A. Marino, Sheila R. Clarke and Jesse Nicotera, Individually and as Members of the Board of Trustees of the Village of Tuckahoe, and Philip A. White, Individually and as Mayor of the Village of Tuckahoe, Defendants.

Nos. 93 Civ. 8070(CBM), 94 Civ. 5754.

United States District Court, S.D. New York.

May 13, 1997.

Loren Bailey, Brooklyn, NY, for John Puglisi.

Robert J. Ponzini, Maroney Ponzini & Spencer, Tarrytown, NY, for Underhill Park Taxpayers Association, John Doe, Jane Doe.

Michael A. Miranda, Thurm & Heller, New York City, for Richard Carroll.

## ORDER

MOTLEY, District Judge.

Parties in the above captioned matter are hereby notified that in accordance with the accompanying Memorandum Opinion, the Underhill and the Village defendants' request for attorneys' fees pursuant to § 1988 is GRANTED. The court awards $42,687.43 to the Underhill defendants and $32,783.23 to the Village defendants.

**SO ORDERED.**

## BACKGROUND

Plaintiff commenced the lawsuit, *Puglisi v. Underhill Park Taxpayer Associates* ("Underhill defendants"), against defendants Ron Gallo, Robert Demeo, and Marion Morganti,[1] the alleged Association members, under §§ 1981, 1982, 1983 and 1985 of the Civil Rights Act, § 3617 of the Fair Housing Act, and the New York State Human Rights Law. In the complaint, Puglisi alleged that the Underhill defendants conspired to force him to evict three African American tenants from his premises by filing false complaints of housing and zoning violations with the Village of Tuckahoe and by painting the word "NIGGER" on the front of his premises.

Plaintiff commenced the related action, *Puglisi v. Carroll, et al.,* against the building inspector, mayor and three trustees of the Village of Tuckahoe ("Village defendants") under the same Civil Rights and Fair Housing Act statutes, adding 1985(3) and 1986 claims. Puglisi asserted that the Village defendants discriminated against him because he rented to African Americans and conspired with the Underhill defendants to force him to evict and drive out the African Americans. Puglisi alleged that the Village defendants selectively inspected his premises and cited him for various building and zoning code violations solely due to the race of his tenants. The two actions were consolidated by this court.

After the completion of discovery, both defendants moved to dismiss the complaints or, in the alternative, for summary judgement. On September 26, 1996, following the parties oral arguments on the motions, this court granted defendants' motions and dismissed plaintiffs complaint. The court informed the parties that a written opinion would be forthcoming. In an opinion rendered on November 12, 1996, this court dismissed plaintiffs §§ 1985 and 1986 claims for lack of standing. Although this court found that plaintiff met the standing requirements for his §§ 1981, 1982, 1983 and 3617 claims, the court granted defendants' motions for summary judgment and dismissed the complaint in its entirety due to plaintiff's failure to produce sufficient evidence establishing a material issue warranting trial.[2] On November 14, 1996, judgement was filed and entered by the Clerk of the Court.

On November 26, 1996, as prevailing parties in the lawsuit, the Underhill defendants made a motion for attorneys' fees pursuant to 42 U.S.C. § 1988. On November 27, 1996, the Village defendants made a similar motion requesting fees and costs from the date they made an Offer of Judgment to dismissal of the complaint pursuant to Rule 68. In the alternative, the Village defendants requested that total attorneys' fees and costs be awarded pursuant to 42 U.S.C. § 1988.

Plaintiff submitted no reply papers to defendants' motions and appeared pro se[3] at

---

1. In the complaint, Marion Morganti is erroneously named "Marilyn Morganti."

2. Plaintiff appealed this court's decision on November 14, 1996.

3. On December 6, 1996, plaintiffs counsel, Loren Bailey, submitted an order to show cause to withdraw as counsel for plaintiff. Plaintiffs counsel asserted that her application to withdraw as counsel was based on her acceptance of

the hearing on attorneys' fees held on April 18, 1997. At the end of the hearing, this court reserved decision and informed both parties that a written decision on attorneys' fees would be forthcoming.[4] The sole issue before this court is the determination of whether defendants should be awarded attorneys' fees and, if so, what amount. The court presumes familiarity with the earlier proceedings in this case.

## DISCUSSION

### I. Village Defendant's Rule 68 Motion

Rule 68 reads in relevant part:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued ... if the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

The Village defendants argue that Rule 68 permits a defendant to recover costs incurred from the date of defendant's Offer of Judgment to the final judgment rendered if such offer is more favorable than the ultimate judgment. Since plaintiff did not prevail on his claims against the defendants, the Village defendants argue that plaintiff has received a less favorable judgment than the offer of settlement they made to plaintiff in 1995. They also assert that the award of costs and fees pursuant to Rule 68 is mandatory and that the district court possesses no discretion on whether to award such costs. Therefore, defendants maintain that they are entitled to

$13,004.20 which is the total of costs incurred after their offer of judgment.

■ The Village defendants' position regarding Rule 68 is clearly erroneous given the Supreme Court's ruling in *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981) in which the Court considered this very issue. In *Delta Air Lines, Inc.,* the Court held that Rule 68 was not mandatory and that "the plain language of Rule 68 confines its effect to ... one in which the *plaintiff* has obtained a judgment for an amount less favorable than the defendant's settlement offer ... [rule 68] *does not apply to judgments in favor of the defendant* ...". *Id.* at 351, 354, 101 S.Ct. at 1150, 1151. (emphasis added); *see, also, Screenlife Establishment v. Tower Video, Inc.,* 868 F.Supp. 47, 52 n. 1 (S.D.N.Y.1994). In this case, because this court decided in favor of the Village defendants' on their motion for summary judgment, Rule 68 is inapplicable. Therefore, Village defendants' application for attorneys' fees and costs, pursuant to Rule 68, in the amount of $ 13,004.30 is denied.

The court will now consider the Village defendants' alternate request and the Underhill defendants' request for attorneys' fees as prevailing parties pursuant to § 1988.

### II. 42 U.S.C. § 1988

■ Generally, given the so called "American Rule," the prevailing litigant is ordinarily not entitled to collect a reasonable attorney's fee from the loser. *Alyeska Pipeline Service Co. v. Wilderness Society* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616–17, 44 L.Ed.2d 141 (1975); *Oliveri v. Thompson,* 803 F.2d 1265 (2d Cir.1986). However, un-

---

a new position with Legal Services of New York City which required her to conclude all outside practice of law prior to her starting date on December 16, 1996. By order dated December 6, 1996, this court granted Bailey's request to withdraw, extended the return date of defendants' motions for attorneys' fees, and directed the parties to appear for a hearing on the motions on April 18, 1997. On December 16, 1996, plaintiff sent a stack of documents to the court, arguing that his lawyer failed to bring these facts to the court's attention in support of his claims against the defendants. On December 20, 1996, Bailey informed the court, by letter, that plaintiff

objected to her withdrawal as counsel and was planning to submit a grievance against her for the way in which she handled his opposition to defendants' motions for summary judgment.

4. On May 2, 1997, plaintiff filed a motion for a new trial. Because plaintiff has appealed this court's judgment of November 12, 1996 to the Second Circuit, this court has no jurisdiction to entertain plaintiffs motion. Furthermore, as there has been no trial on the merits in this case, plaintiffs motion for a new trial is inappropriate.

der the inherent power of the court to supervise and control its own judicial proceedings, an exception to the American Rule has developed which allows courts to grant reasonable attorney's fees to the prevailing party when the losing party has acted in bad faith, wantonly or vexatiously. *see, F.D. Rich Co., Inc. v. United States ex rel. Industrial Lumber Co., Inc.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974); *see also, Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.* 782 F.2d 329, 344 (2d Cir.1986). Courts have also been granted this discretionary power to shift the burden of attorney's fees under federal statutes, namely § 1988.

▪ Under § 1988, an award of attorney's fees is available to the prevailing party and is chargeable to the losing party, not his attorney. *Oliveri,* 803 F.2d at 1272. If the prevailing party is the plaintiff, attorney's fees are ordinarily allowed unless "special circumstances would render such an award unjust." *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). A different standard applies if the prevailing party is the defendant. The court may issue an attorney's fees award to a defendant only if the court finds that the plaintiffs claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Oliveri,* 803 F.2d at 1272; *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421–422, 98 S.Ct. 694, 700–01, 54 L.Ed.2d 648 (1978) (frivolous and meritless is understood to mean groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case); *Hughes v. Rowe,* 449 U.S. 5, 15, 101 S.Ct. 173, 178–79, 66 L.Ed.2d 163 (1978). The bad faith required to invoke the court's inherent power exception to the American Rule is not a prerequisite under § 1988, *Christiansburg,* 434 U.S. at 421, 98 S.Ct. at 700; *Davidson v. Keenan,* 740 F.2d 129 (2d Cir.1984); *General Camera Corp. v. Urban Development Corp.,* 734 F.2d 468 (2d Cir.1984). The Court in *Christiansburg* observed that plaintiffs bad faith could serve as an "even stronger basis for charging [plaintiff] with the attorney's fees incurred by the defense." 434 U.S. at 422, 98 S.Ct. at 701. Additionally, the *Christiansburg* Court urged courts to "resist the

understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id; U.S. v. Ramirez,* 903 F.Supp. 587 (S.D.N.Y.1995). Lastly, if the claim is groundless, the fact that plaintiff relies on the erroneous and contrary advice of his attorney does not relieve him of liability. *see, Davidson v. Keenan,* 740 F.2d 129, 133 (2d Cir.1984).

▪ In this case, the Underhill and Village defendants claim that they should be granted attorneys' fees because plaintiffs claims were meritless from the beginning. Both defendants point to plaintiffs own admissions at his deposition that he did not have a reasonable basis to believe or conclude that the Underhill defendants attempted and conspired to force him to evict his African American tenants or that the Village defendants selectively enforced codes and ordinances due to the race of plaintiffs tenants and failed to investigate the spray painting of the racial slur, in furtherance of the alleged conspiracy. In support of their motion for attorneys' fees, defendants point to the same contradictions and lack of evidence that failed to show or support allegations of wrong doing on the part of either defendant which led this court to grant defendants' motions for summary judgment.

In his complaint, plaintiff alleges that Underhill defendants formed the Underhill Park Taxpayers Association and invited plaintiff to attend a meeting of the Association, where they allegedly coerced and threatened plaintiff to evict the African Americans. Yet at his deposition, plaintiff testified that he knew of no meetings among the Underhill defendants and admitted that he knew nothing of the Association nor who belonged to it. Plaintiff also admitted in his 3(g) statement that he never attended a meeting in which the defendants were present. Furthermore, plaintiff refuted his allegations against the Village defendants, when he admitted that he had no knowledge of the Village selectively enforcing its codes based on race or conspiring with the Underhill defendants to evict plaintiffs tenants, and that he had not under-

taken an investigation on the spray painting incident. Plaintiff offered no evidence to support why he believed either of the defendants had anything to do with the painting of the racial slur.

The court noted, in its opinion, that "in actuality, plaintiff refutes his own allegations by stating in his deposition that he did not attend the meeting, the very meeting where all defendants were allegedly present and threatening to retaliate against him for not evicting his tenants." *Puglisi v. Underhill Park Taxpayer Association,* 947 F.Supp. 673, 702 (S.D.N.Y.1996). The court concluded that although plaintiff bore the burden of proof to defeat defendants' motion for summary judgment by showing that a material issue existed warranting a trial, plaintiff produced no evidence from which a reasonable inference could be drawn that defendants discriminated or intended to discriminate against Puglisi or his three African American tenants.[5] The record before the court showed that the Underhill and Village defendants had legitimate reasons to complain about and penalize plaintiff for the condition of his premises, i.e., raw sewage spillage and electrical and construction work done without a permit.

Although plaintiff has recently submitted documents that he alleges his attorney negligently failed to submit which he felt may have helped establish the elements of his case, plaintiff cannot escape liability based on the advice or actions of his attorney in a civil action. Given the court's opinion noting the plaintiffs lack of evidence to support a reasonable basis for initiating and continuing a lawsuit against defendants and due to plaintiff's prior admissions and acknowledgments of the lack of such evidence, the court finds that plaintiffs claims were unreasonable and meritless. The court finds that the Underhill and Village defendants are entitled to attorneys fees under § 1988.

■ In determining the amount of an attorney's fee award in civil cases, district courts begin by using the lodestar' method,

which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *City of Burlington v. Dague,* 505 U.S. 557, 559, 112 S.Ct. 2638, 2639–40, 120 L.Ed.2d 449, 454 (1992); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 563, 106 S.Ct. 3088, 3097, 92 L.Ed.2d 439 (1986); *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983) ("product of reasonable hours times a reasonable rate normally provides a reasonable attorney's fee within the meaning of the statute").

■ In this case, the Underhill Defendants seek the following fees; $200.00 per hour for partners, Robert Ponzini, Brian Murphy, and Marianne Stecich, and $150.00 per hour for associate Christian Zebicoff. Ponzini has been practicing law for 20 years, Murphy for approximately 18, and Stecich for 18 and all are, according to the affidavit, experienced litigators. Zebicoff has been litigating for approximately 4 years. The Village defendants seek fees in the amount of $150.00 per hour for Michael Miranda an attorney who has been a civil litigator for 7 years.

■ For the specific hourly rates, the prevailing parties are "entitled to reasonable hourly rates which fall within the prevailing marketplace rates in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Cruz v. Local Union No. 3 of the International Brotherhood of Electrical Workers,* 34 F.3d 1148, 1159 (2d Cir.1994). The community to which the district court should look is the district in which the court sits, *Id.,* in this case the Southern District of New York. *see also, Miele v. New York State Teamsters Conference Pension & Retirement Fund,* 831 F.2d 407, 409 (2d Cir.1987). Recent decisions in this district demonstrate that both defendants' hourly rates are reasonable in light of the prevailing market rate in the Southern District. *see, Monaghan v. SZS 33 Associates,* 154 F.R.D. 78 (S.D.N.Y.1994) (awarding partners $300 per hour and associ-

---

5. There was evidence that defendant Gallo filed a complaint with the Village of Tuckahoe complaining of electrical work plaintiff was doing without a permit; however, Gallo's complaint was in regards to another vacant house owned by plaintiff and had nothing to do with the premises where the three African American tenants resided.

ates $180.00 per hour); *Loper v. New York City Police Department*, 853 F.Supp. 716 (S.D.N.Y.1994)(awarding an attorney with 7 years experience $250.00); *McGuire v. Wilson* 1994 WL 68222 (S.D.N.Y.1994) (awarding an hourly billing rate of $105–$150 for an associate). From these cases, the court finds that the rates billed by attorneys for the Underhill defendants and for the Village defendants are reasonable.

Central to the application for attorneys' fees is the submission of adequate time records reflecting the time expended, by whom, and for what. Such records must be made contemporaneously with the associated work and reconstruction of such work and billing on a computer is adequate. *see, Cruz,* 34 F.3d at 1160; *Lewis v. Coughlin,* 801 F.2d 570, 577 (2d Cir.1986); *New York State Association for Retarded Children Inc. v. Carey,* 711 F.2d 1136, 1148 (2d Cir.1983) (records should specify, the date, the hours expended and the nature of work done). In this case, the court holds that both defendants have submitted billing entries that are sufficiently specific. The affidavits list the date, the attorney, a concise description of the work product, and the amount of time expended. The records pass the scrutiny required by this Circuit. The "burden is on counsel to keep and present records from which the court may determine the nature of the work done, the need for and the amount of time reasonably required; where adequate contemporaneous records have not been kept, the court should not award the full amount requested." *F.H. Krear & Co. v. Nineteen Named Trustees,* 810 F.2d 1250, 1265 (2d Cir.1987) (rejecting time records with one description for an entire days work). Therefore, the Underhill and Village defendants' records meet this burden.

The Underhill defendants' total attorneys' fees request is $42,687.43 [6] while the total request of the Village defendants is $32,783.23. Included in both of the defendants' calculations are time spent on fee application, *Gagne v. Maher,* 594 F.2d 336, 343–44 (2d Cir.1979); *Reed v. A.W. Lawrence & Co.,* *Inc.,* 95 F.3d 1170 (2d Cir.1996) (Fees incurred pursuant to the preparation of the fee application may be included in the fee award), and expenses incurred for transcripts, research and postage, and other costs which are fully itemized in their affidavit. *see, Gagne v. Maher,* 594 F.2d 336, 343–344 (2d Cir.1979); *Reichman v. Bonsignore, Brignati & Mazzotta, P.C.,* 818 F.2d 278, 283 (2d Cir.1987) (reasonable out of pocket expenses incurred by the attorney may be awarded by the court in fee application).

## CONCLUSION

According to the reasons established above, this court grants the Underhill and the Village defendants' request for attorneys' fees pursuant to § 1988. The court awards $42,687.43 to the Underhill defendants and $32,783.23 to the Village defendants.

**SO ORDERED.**

---

6. The attorneys' fees for the Underhill defendants was $46,871.43. Underhill defense counsel deducted $4,184.00 from that amount which is the sum of prior payments made by the Underhill defendants.