**Sylvia ROMERO, et ano., Plaintiffs,**

v.

**Chief Joseph KEENEY,
et al., Defendants.**

**No. 95 Civ. 9328 (LAK).**

United States District Court,
S.D. New York.

Sept. 26, 1996.

Daniel M. Perez, Kunstler and Kuby, New York City, for Plaintiffs.

Kelby N. Bowman, Jackson & Consumano, New York City, for Defendant New York City Housing Authority.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiffs seek damages, pursuant to 42 U.S.C. § 1983 and state law, for injuries they allegedly suffered when officers of the New York City Housing Authority ("NYCHA") Police Department and the New York City Police Department ("NYPD") executed a search warrant authorizing a search of the apartment in which they resided. According to the complaint, the affidavit supporting the application for the search warrant erroneously identified the plaintiffs' apartment, apartment 4–C in the relevant building, as the target rather than apartment 4–D, the apartment in which the suspects under investigation were present. The defendants include two named NYCHA police officers, the NYCHA, the City of New York, the NYPD, and a number of "Doe" defendants, police officers whose names are unknown to plaintiffs. The matter is before the Court on the NYCHA's motion for summary judgment dismissing the complaint as untimely.

### Facts

The events giving rise to this action occurred on November 3, 1992. The complaint was filed on November 2, 1995. Copies of

the summons and complaint were delivered to the Corporation Counsel of the City of New York ("Corporation Counsel") on January 12, 1996. The NYCHA was not served until June 18, 1996, more than seven months later.

## Discussion

The NYCHA's motion seeks summary judgment on the ground that the action is untimely. As the statute of limitations for Section 1983 claims is three years [1] and this action was commenced upon the filing of the complaint on November 2, 1995,[2] the NYCHA obviously has conflated two analytically distinct concepts—the statute of limitations and the time limit for effecting service of process under the Federal Rules of Civil Procedure. Its position with respect to the Section 1983 claim is more clearly stated thus: Although the action was timely commenced, service was not timely made under FED.R.CIV.P. 4(m). NYCHA therefore is entitled to dismissal without prejudice. Moreover, as the statute of limitations has run since the commencement of the action, a new action would be untimely and the Court, in consequence, should grant summary judgment on the merits. It is useful to deal with the argument one step at a time.

### Timeliness of Service

Rule 4(m) provides in substance that if service is not made within 120 days after the filing of the complaint, the court "shall dismiss the action without prejudice," although it "shall extend the time for service" if the plaintiff "shows good cause for the failure." Plaintiffs' first argument is that service on the Corporation Counsel, which was made within the 120 day period, was effective as to the NYCHA. The argument is completely without merit.

■  Contrary to the erroneous impression of plaintiffs' counsel, the New York City Housing Authority, although its members are appointed by the mayor, is not an agency of the City of New York. Rather, it is "a body corporate and politic" created by state law. N.Y.PUB.HOUS.L. § 401 (McKinney 1989). It

has the power, among others, to sue and be sued. *Id.* § 37, subd. 1(s). Service upon it therefore is governed by FED.R.CIV.P. 4(h)(1), which requires, broadly speaking, delivery of copies of the summons and complaint to an officer, a managing or general agent, or another agent authorized to receive service of process, or by Fed.R.Civ.P. 4(j)(2), which requires service upon the Chief Executive Officer of the NYCHA or service as provided by state law. N.Y. CPLR § 311, subd. 1, the relevant state law provision, is generally comparable to Fed.R.Civ.P. 4(h)(1). As the NYCHA is not a New York City agency, service on the Corporation Counsel did not constitute service on the NYCHA. Accordingly, the action must be dismissed pursuant to Rule 4(m) unless there was good cause for the failure to make timely service.

### Excuse for Untimely Service

Plaintiff's counsel next argues that his failure to effect timely service on the NYCHA should be excused because it was attributable to his mistaken belief as to the efficacy of service on the Corporation Counsel and that this constitutes "good cause" within the meaning of the Rule. The argument also is without merit.

In *McGregor v. United States,* 933 F.2d 156 (2d Cir.1991), the Court of Appeals dealt with the question whether the failure to serve the Attorney General of the United States in a Federal Tort Claims Act suit, as required by FED.R.CIV.P. 4(d)(4), within the 120–day period as the result of the mistake of the plaintiff's attorney constituted "good cause" for extension of the service period. There, as here, moreover, the effect of a dismissal for failure to make timely service threatened to preclude the plaintiff's action by virtue of the intervening expiration of the statute of limitations. The Court of Appeals nevertheless held that the attorney's error did not constitute "good cause":

"[W]e do not think that the district court erred in finding that it was attorney neglect rather than misleading government conduct that resulted in the service defect.

---

**1.** *Owens v. Okure,* 488 U.S. 235, 251, 109 S.Ct. 573, 582, 102 L.Ed.2d 594 (1989).

**2.** FED.R.CIV.P. 3.

On this basis, the district court did not excuse its discretion in refusing to excuse this defect for 'good cause.'" *Id.* at 160 (quoting *Davidson v. Keenan,* 740 F.2d 129, 132 (2d Cir.1984)).

■ Here, the failure to serve the NY-CHA in a timely fashion was purely the product of counsel's failure to inform himself as to the nature of the entity he sued and the method prescribed for effecting service upon it.[3] In this Court's judgment, this neglect does not constitute "good cause" for the failure. Accordingly, the NYCHA is entitled to dismissal of the complaint without prejudice.

### NYCHA's Other Contentions

There remains NYCHA's argument that it is entitled to summary judgment on the basis of the statute of limitations.

Insofar as the argument is directed to the Section 1983 claim, the argument is without merit. *This action* was commenced within three years of the date on which the cause of action accrued and therefore is timely for limitations purposes, although it will be dismissed as against NYCHA without prejudice for failure to serve process within the 120–day period. The question whether a new action by plaintiffs against the NYCHA would be timely therefore need not be decided by this Court at this time. The Court notes, however, that the Second Circuit held in *Johnson v. Nyack Hospital,* 86 F.3d 8, 11 (2d Cir.1996), that a dismissal without prejudice does not toll the running of the period of limitations, a conclusion which almost surely means that any subsequent action would be barred by the statute of limitations.

As the dismissal of the Section 1983 claim disposes of all federal claims, and the Court declines to exercise supplemental jurisdiction over the state law claims, there is no need to address NYCHA's arguments with respect to the latter.

### Conclusion

This action, insofar as it is brought against the New York City Housing Authority, is dismissed pursuant to FED.R.CIV.P. 4(m) on the ground that plaintiff failed to make time-ly service upon it and has not shown good cause for the failure.

SO ORDERED.

---

3. Counsel's contention that he was misled by the transfer of functions and personnel of the NY-CHA Police Department to the NYPD is similarly without merit.