104 F.3d 355
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
 Herbert JOHNSON, Plaintiff-Appellant,
v.
M. MELNICK & CO., INC., Dockbuilders Local 1456, General
Contractors Association of New York, Inc., District Council
of New York City and Vicinity of the United Brotherhood of
Carpenters and Joiners of America, AFL-CIO, Defendants-Appellees.
 
 No. 96-7727.
 United States Court of Appeals, Second Circuit.
 Dec. 19, 1996.
 Appeal from the United States District Court for the Southern District of New York (Loretta A. Preska, Judge).
 APPEARING FOR APPELLANT: Herbert Johnson, Pro Se, Randallstown, MD.
 APPEARING FOR APPELLEE: (General Contractors Association of New York, Inc.) Leroy J. Watkins, Jr., Epstein Becker & Green, P.C., New York, NY.
 APPEARING FOR APPELLEES: (District Council of New York City and Vicinity, United Brotherhood of Carpenters and Joiners of America, AFL-CIO and Dockbuilders Local 1456) William D. Frumkin, Sapir & Frumkin LLP, White Plains, NY.
 S.D.N.Y.
 AFFIRMED.
 Present: OAKES, ALTIMARI, and PARKER, Circuit Judges.
 
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by appellant pro se and by counsel for the appellees.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.
 
 
 3
 Herbert Johnson, pro se, appeals from the judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, Judge ) which dismissed his complaint, filed pursuant to 42 U.S.C. § 2000e et seq. ("Title VII"), for failure to prosecute and failure to comply with the court's orders.
 
 
 4
 In a well reasoned, fully supported Memorandum and Order filed May 8, 1996, the district court dismissed the complaint pursuant to Fed.R.Civ.P. 16(f), 37(b)(2)(C), and 41(b), citing numerous instances of Johnson's attorney's failure to comply with orders of the court and the resultant delays in litigation. The district court stated that its authority to dismiss the complaint was grounded in Rule 16(f), which states that if an attorney "fails to obey a scheduling or pretrial order," the court is empowered to make an order pursuant to Rule 37(b), which permits, inter alia, dismissal of the action.
 
 
 5
 Johnson argues on appeal that his action has merit and that it is unfair to attribute the incompetence of his attorney to him. We agree with the district court that the numerous instances of delay and intransigence in complying with the court's orders warranted the drastic step of dismissing the complaint. We also note that while it may seem unfair to Mr. Johnson, it is well-settled that an attorney is his client's "agent and representative" and that a litigant is "legally responsible for his attorney's conduct." Davidson v. Keenan, 740 F.2d 129, 133 (2d Cir.1984). Moreover, it is undisputed that Johnson had ample notice of his attorney's behavior and the fact that it could jeopardize his action. We express no opinion as to whether Johnson has a viable claim of negligence or malpractice against his attorney.
 
 
 6
 We also hold that the General Contractors Association ("GCA") was not a proper defendant because Johnson had not named GCA in his discrimination charge filed with the Equal Employment Opportunity Commission ("EEOC"). A prerequisite to suing a defendant under Title VII is the timely filing of a discrimination charge with the EEOC which names the defendant as a party. See Johnson v. Palma, 931 F.2d 203, 209 (2d Cir.1991).