For the reasons set forth above, the judgment of the district court is AF-FIRMED.

Solomon ADU–BENIAKO, M.D., Plaintiff–Appellant,

v.

MAIMONIDES MEDICAL CENTER, Defendant–Appellee.

No. 00–9140.

United States Court of Appeals, Second Circuit.

April 16, 2001.

Solomon Adu–Beniako, M.D., pro se.

Ricki E. Roer, Wilson, Elser, Moskowitz, Edelman & Dicker, New York, NY, for appellee.

524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998).

Present NEWMAN, PARKER, and SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Plaintiff–Appellant Solomon Adu–Beniako, M.D., appeals from the August 1, 2000 memorandum and order and August 3, 2000 judgment of the district court in which the district court denied Adu–Beniako's counsel's request for an extension of time in which to oppose Defendant–Appellee Maimonides Medical Center's ("Maimonides") motion for summary judgment, and granted the motion for summary judgment.

This action arises from Adu–Beniako's employment at Maimonides in 1995 and 1996 as a first-year resident in Maimonides's Department of Anesthesiology. Adu–Beniako alleges that Maimonides violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, by making him work longer hours than other residents, harassing him, and not offering him a second-year resident position, on account of his national origin, race, and color, and in retaliation for his statements that "Maimonides was killing its patients." Maimonides responds that it did not offer him a second-year resident position due to Adu–Beniako's behavioral problems, and denies all other allegations.

When Maimonides filed a motion for summary judgment, Adu–Beniako failed to oppose the motion. His counsel, however, appeared on the date the court had set for oral argument, and asked the court to allow him to file his opposition out of time. In its July 31, 2000, memorandum and order, the court denied that request, concluding that counsel's proffered excuse for failing to file an opposition in the time allotted—that he had been on a religious retreat and had been ill—was "meritless." *Adu–Beniako v. Maimonides Med. Ctr.,* No. 97–CV–0693 (JG), at 6 (E.D.N.Y. July 31, 2000). The court then deemed the facts set forth in Maimonides's Rule 56.1 statement as admitted, and granted summary judgment in favor of Maimonides. *Id.* at 6–12. The court concluded that: (1) because Adu–Beniako had not asserted any facts in opposition to the motion for summary judgment, he had neither established a prima facie case of unlawful termination or disparate treatment nor proved that Maimonides's proffered reason for the termination and alleged disparate treatment was pretextual; (2) Adu–Beniako had not submitted any evidence in support of his hostile work environment claim; (3) Adu–Beniako's retaliation claim was not cognizable under Title VII because " 'telling people the hospital was killing people' is not 'protected' within the meaning of Title VII as it does not concern any issue of discrimination." *Id.*

Adu–Beniako argues that the district court should not have denied his counsel's request for an extension of time, and that triable issues of fact exist which preclude summary judgment.

Fed.R.Civ.P. 6(b)(2) provides that district courts may grant extensions of time in procedural matters such as this upon a showing of "excusable neglect." This Court reviews decisions to grant, or not to grant, such an extension for abuse of discretion. *Davidson v. Keenan,* 740 F.2d 129, 132 (2d Cir.1984). After a thorough review of the record, we have concluded that the district court did not abuse its discretion when it denied Adu–Beniako's request for an extension.

We review a district court's order granting summary judgment de novo. *Allstate Ins. Co. v. Mazzola*, 175 F.3d 255, 258 (2d Cir.1999). We affirm the court's decision to grant summary judgment for substantially the same reasons as set forth in the district court's memorandum and order, *Adu–Beniako* at 4–12, with the following exception: with respect to Adu–Beniako's retaliation claim, to the extent that Adu–Beniako contends that he was retaliated against due to his protected opposition to discrimination, we conclude that the claim is without merit because such opposition occurred after the non-renewal of his contract and Adu–Beniako has not shown that he was subjected to any adverse employment actions prior to that event.

For the reasons set forth above, the judgment of the district court is AFFIRMED.