Darryl GODFREY, Plaintiff–Appellant,

v.

NEW YORK CITY TRANSIT
AUTHORITY, Defendant–
Appellee.

No. 06–4226–cv.

United States Court of Appeals,
Second Circuit.

Dec. 11, 2007.

David G. Gabor, Gabor & Gabor, Garden City, NY, for Plaintiff–Appellant.

Richard Schoolman, Victor Levy, Baimusa Kamara, on the brief, Office of Corporation Counsel, New York City Transit Authority, Brooklyn, NY, for Defendant–Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. CHESTER J. STRAUB and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Plaintiff Darryl Godfrey appeals from a judgment in the United States District Court for the Eastern District of New York (Dora Lizette Irizarry, *Judge*). The District Court granted summary judgment in favor of defendant New York City Transit Authority ("NYCTA") on Godfrey's claim. On appeal, Godfrey argues that the District Court exceeded its allowable discretion in denying his requests to file papers or, alternatively, to present oral argument in opposition to NYCTA's motion after the deadline for such a response had passed. In addition, Godfrey contends that the District Court erred in granting summary judgment to NYCTA. While we assume the parties' familiarity with the underlying facts and procedural history in this case, we write so much as is relevant to our decision.

It appears beyond dispute that Godfrey's first counsel in this action, Floyd T. Ewing, III, provided inadequate representation to Godfrey, as evidenced by his repeated failures to abide by the District Court's orders and various other delays in prosecuting Godfrey's claim. For purposes of this appeal, the most relevant of

Ewing's professional lapses occurred in relation to NYCTA's motion for summary judgment. Pursuant to the District Court's briefing schedule and individual practices, NYCTA was supposed to serve its motion for summary judgment and accompanying papers on Godfrey by August 17, 2005, and Godfrey had until September 28, 2005, to respond.[1] After NYCTA had prepared its reply, it would submit, as one filing, its original motion papers, Godfrey's opposition papers, and its reply papers by October 17, 2005. In setting these deadlines, the District Court had already granted two requests for extensions by NYCTA.

On October 12, 2005, Victor Levy, counsel for NYCTA, wrote to the District Court to inform the court of the status of briefing for NYCTA's motion. According to this letter, Ewing had contacted Levy on September 28, 2005, to inform Levy that he had received NYCTA's motion papers and to request Levy's consent to an extended deadline of two additional weeks. Levy agreed to the extension, but he advised Ewing that Ewing would need to seek the District Court's permission for extending Godfrey's deadline for a response, as well as NYCTA's deadline for its reply. In his October 12, 2005 letter, Levy informed the District Court that there was no indication that Ewing had done so and that NYCTA had still not received any opposition papers in regard to its motion. Levy requested that the District Court grant Godfrey and NYCTA several days' time to resolve the issue of their filing deadlines.

On October 13, 2005, the District Court denied NYCTA's request and declared that it currently considered the motion for summary judgment to be unopposed. On October 17, 2005, NYCTA filed its summary judgment motion with no opposition papers. On November 10, 2005, Ewing submitted a letter on behalf of Godfrey requesting that the District Court reconsider its decision to deem NYCTA's motion unopposed. The District Court did not act on this request for eight months. On June 6, 2005, Godfrey himself wrote to the District Court to inform the court that Ewing no longer represented him, to request that Ewing be considered withdrawn as counsel, to request that Ewing be ordered to send the entire case file to Godfrey, and to request that the District Court reconsider its decision to deem NYCTA's motion unopposed. On July 17, 2006, the District Court denied both outstanding requests for reconsideration of its decision to consider the summary judgment unopposed, but the District Court ordered that Ewing be withdrawn as counsel and forward his file to Godfrey.

On July 21, 2006, Godfrey's new counsel, David Gabor, filed a notice of appearance and requested that the District Court reconsider its decision to deem NYCTA's motion unopposed. The District Court ordered the parties to appear for a conference on August 10, 2006. At conference, Gabor informed the District Court that Ewing had still not sent Godfrey's file to either Gabor or Godfrey, despite the court's order. Gabor also argued that he sought—assuming he would receive his client's case file and the District Court's permission—to address evidence of Godfrey's disability and its role in his claim in opposition papers. In response, NYCTA argued that any further delay caused by the District Court allowing Godfrey to oppose its motion for summary judgment would harm NYCTA by increasing the po-

---

1. From the record, it is unclear whether NYCTA complied with this schedule. Despite the August 17, 2005 deadline, the notice of motion and accompanying papers are dated August 19, 2005. The record contains no other evidence—such as a certificate of service or an affidavit from the server—of when, exactly, NYCTA served its motion on Godfrey.

tential back pay damages due Godfrey if his claim prevailed and further endangering the already faded memories of any as-yet-unspecified witness who might testify at trial. The District Court denied Godfrey's request for reconsideration. The District Court also denied Godfrey's request to present oral argument in opposition to NYCTA's motion.

On August 28, 2006, the District Court, 2006 WL 2505223, granted NYCTA's motion for summary judgment. Thereafter, Godfrey sought, and the District Court granted, sanctions against Ewing for his repeated failures to abide by the District Court's orders to turn over the case file. On August 30, 2007, Gabor wrote to the District Court to inform the court that Ewing had neither turned over the file to him nor complied with the court's sanctions order. The docket sheet from the District Court contains no additional entry indicating what, if any, action the District Court may have taken in this matter.

When a party has failed to comply with a deadline set by a district court, Federal Rule of Civil Procedure 6(b)(2) provides that the court may "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." We have stated that whether such "neglect is 'excusable' in a particular case rests with the sound discretion of the district court." *Davidson v. Keenan,* 740 F.2d 129, 132 (2d Cir.1984). As such, we review the denial of a requested extension made after a filing deadline has passed for an excess of allowable discretion. *See, e.g., Rounseville v. Zahl,* 13 F.3d 625, 628 (2d Cir.1994).

Based upon the record before us, we cannot determine whether the District Court exceeded its allowable discretion in denying, on three separate occasions, Godfrey's requests to reconsider its decision that NYCTA's motion for summary judgment was unopposed. The first denial occurred on November 10, 2005, and the District Court focused primarily on the conduct of Godfrey's counsel in explaining its decision. However, Godfrey's next communication with the District Court occurred on June 7, 2006, at which time Godfrey informed the court that he had fired his attorney and requested permission to respond to NYCTA's motion. Having failed to decide the motion in the previous eight months (or in the next two months), the District Court again denied Godfrey's request on the ground that his now-withdrawn counsel had been warned several times of the consequences of ignoring the court's orders.

In sum, the District Court took over ten months to decide a summary judgment motion it had deemed unopposed based upon the fact that Godfrey's response was two weeks late. Given that the District Court's justification for denying Godfrey's repeated requests for reconsideration focused only on his counsel's conduct, even after Godfrey had fired one counsel and hired another, we require additional explanation for these denials to decide whether the District Court exceeded its allowable discretion in making these denials. Moreover, any alternative justification based upon the perceived harm of additional delay to NYCTA in resolving the case appears questionable in light of the District Court's repeated grants of extensions of time at NYCTA's request.

We do not reach the question of whether the District Court erred in granting NYCTA's motion for summary judgment.

For the reasons set forth above, the case VACATED AND REMANDED to the District Court for proceedings consistent with this order. Under the procedure set forth in *United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994), we direct that the mandate shall issue forthwith and that jurisdiction shall be returned to this Court

upon a letter request from any party. Upon such a restoration of jurisdiction, the matter is to be sent to this panel.