SUMMARY ORDER
Plaintiff-appellant Ted Perry appeals the March 31, 2008 Opinion and Order of the United States District Court for the Southern District of New York (Karas, J.), granting summary judgment to defendant-appellee, County of Westchester, and denying Perry’s motion to supplement the record. We assume the parties’ familiarity with the underlying facts, procedural history, and specification of issues for review.
Upon review, we conclude that the district court acted well within its discretion in denying Perry’s motion to supplement the record. See Davidson v. Keenan, 740 F.2d 129, 132 (2d Cir.1984). The court’s finding that Perry’s neglect was not excusable, see id.; Fed.R.Civ.P. 6(b)(1)(B), was well founded given that Perry failed to mention the supplemental information, available to him when he filed his lawsuit, in his complaint, or even in his declaration in opposition to the County’s motion for summary judgment, and delayed an entire year after the County moved for summary judgment to seek to supplement the record. We see no reason to disturb the court’s conclusion that Perry did not establish good faith nor a reasonable basis for noncompliance, and that the County would suffer prejudice if the record were supplemented at this point in the litigation. See In re Painewebber Ltd. P’ships Litig., 147 F.3d 132, 135 (2d Cir.1998).
Further, our review of the evidence in the record, less Perry’s conclusory allegations, see Major League Baseball Properties, Inc. v. Salvino, Inc., 542 F.3d 290, 310 (2d Cir.2008) (“A party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory, or based on speculation.” (citations omitted)), confirms that the County was rightly granted summary judgment. We affirm the district court’s conclusions on Perry’s Title VII claim because the alleged disparate treatment of Perry as compared to his co-workers is either not supported by the record or is insufficient to permit a rational finder of fact to infer a discriminatory motive. See Williams v. R.H. Donnelley, Corp., 368 F.3d 123, 127 (2d Cir.2004) (stating that a plaintiffs burden of establishing a prima facie case is de minimis, but “not inconsequential”). For similar reasons we affirm the district court’s grant of summary judgment on Perry’s hostile work and Section 1981 claims. The evi *106 dence proffered by Perry does not raise a genuine issue of fact as to whether he was subjected to a hostile work environment because of his race, see Brennan v. Metro. Opera Ass’n, Inc., 192 F.3d 310, 318 (2d Cir.1999), nor would it allow a conclusion that the County intended to discriminate against Perry because of his race, see Patterson v. County of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir.2004).
We have considered all of Perry’s other arguments, including that the distl'ict court applied incorrect standards in deciding the County’s summary judgment motion, and conclude that they are without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.