08-6069-cv
Watson v. Geithner

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of December, two thousand nine.

PRESENT:
>       Amalya L. Kearse,
>       Robert D. Sack,
>       Robert A. Katzmann,
>            *Circuit Judges*.

———————————————————————————————————————

Rosetta Watson,

>       *Plaintiff-Appellant*,

>       v.                                      08-6069-cv

Timothy F. Geithner, Secretary of the Treasury,[*]
Henry M. Paulson, Jr.,

>       *Defendants-Appellees*.

———————————————————————————————————————

_____

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Secretary of the Treasury Timothy F. Geithner is automatically substituted as the Appellee.

FOR APPELLANT:          Rosetta Watson, Brooklyn, N.Y.

FOR APPELLEE:           Brian K. Morgan, Sarah S. Normand, Assistant
                        United States Attorneys, for Lev Dassin,
                        Acting United States Attorney for the
                        Southern District of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Marrero, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Rosetta Watson, *pro se*, appeals the district court's grant of summary judgment dismissing her claims of discrimination and retaliation against the Internal Revenue Service ("IRS"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews a district court's decision to decline to consider an untimely response to summary judgment motion for abuse of discretion. *See Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984). Here, Watson was properly notified of the consequences of failing to respond to the motion for summary judgment, and even received an extension of time to file her response. Despite these warnings, Watson failed to timely file an opposition, and, thus, the district court did not abuse its discretion in ruling on the Government's motion based on the file it had before it. Moreover, Watson did not raise this argument in her opening brief, and we generally do not consider arguments raised for the first time in a reply brief. *See Thomas v. Roach*,

165 F.3d 137, 146 (2d Cir. 1999).

We review an order granting summary judgment *de novo*, and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotations omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Here, an independent review of the record and relevant case law reveals that the district court properly granted the Government's motion for summary judgment. We affirm the district court judgment for substantially the same reasons stated by the district court in its thorough and well-reasoned memorandum and order.

We have considered all of Watson's contentions on this appeal and have found them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____