**Karla Beth KUDATZKY, Plaintiff,**

v.

**Edward J. MINSKOFF,
et al., Defendants.**

**No. 09 Civ. 7358(VM).**

United States District Court,
S.D. New York.

April 22, 2010.

Karla Beth Kudatzky, Great Neck, NY, pro se.

Daniel S. Moretti, Robert James Anderson, Landman Corsi Ballaine & Ford PC, New York, NY, for Defendants.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

Pro se Plaintiff Karla Kudatzky ("Kudatzky") brought this action against defendants Edward J. Minskoff ("Minskoff"), 590 Madison Avenue Associates, LP and 590 Madison Avenue Associates, LLC (the latter together, "590 Madison")[1] alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). Before the Court is 590 Madison's motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Rule 12(b)").

Kudatzky alleges that she was employed by Minskoff in the management of the premises at 590 Madison Avenue, New York (the "Premises") and that her direct supervisor was Malcolm Peterson ("Peterson"), the Vice President of Operations of Minskoff, who subjected her to sexual harassment and retaliation. In response,

---

1. In the motion to dismiss now before the Court, 590 Madison Avenue, LLC asserts that it was incorrectly sued in this action under the names of the entities identified by Kudatzky, and that 590 Madison Avenue Associates, L.P. is its predecessor in interest.

590 Madison asserts that it is the owner of the Premises, that it did not hire, supervise, or control Kudatzky as an employee, that 590 Madison is a separate entity from Minskoff and has no ownership interest in Minskoff, and thus that 590 Madison cannot be held liable for the acts of unlawful sexual harassment Kudatzky alleges because it was not Kudatzky's employer within the meaning of Title VII.

On January 27, 2010 the Court held a telephonic conference with the parties to review 590 Madison's motion and establish a briefing schedule and evidentiary hearing on the question of ownership of the Premises. The Court directed Kudatzky to respond to this issue by February 3, 2010 and set a hearing for February 11, 2010 to consider the matter. By letter dated February 3, 2010 Kudatzky requested an adjournment of her response and hearing date, purportedly because she was seeking representation of counsel. The Court granted the application, extending Kudatzky's time to respond until February 17, 2010 and rescheduling the hearing to February 25, 2010. At a subsequent telephone conference on February 19, 2010 the Court granted Kudatzky a further extension, directing her to respond by February 19, 2010 and setting the hearing for April 1, 2010.

On 590 Madison's application, the Court adjourned the hearing to May 14, 2010. By letter dated March 19, 2010 Kudatzky requested an additional 21 days to file opposition. The Court, by memo endorsed Order dated March 19, 2010, noted the prior extensions already granted and allowed Kudatzky until April 15, 2010 to respond, warning that in the event no opposition were filed by that day the Court would proceed to consider the motion on the basis of the papers filed. To date the Court has received no response to the motion from Kudatzky, either pro se or through any appearance of counsel. The Court thus deems the motion unopposed. *See Davidson v. Keenan,* 740 F.2d 129, 132 (2d Cir.1984).

Having reviewed the complaint, 590 Madison's motion to dismiss the complaint, and other papers on file in this action, and upon application of governing law and standards pertaining to Rule 12 motions and Title VII claims, the Court finds that Kudatzky has failed to sufficiently demonstrate that 590 Madison was her employer during the events at issue in this action, and thus her Title VII claims against 590 Madison must fail. Accordingly, 590 Madison's motion to dismiss is GRANTED.

### ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 7) of defendant 590 Madison Avenue, LLC ("590 Madison") to dismiss the complaint of plaintiff Karla Kudatzky against 590 Madison is GRANTED.

**SO ORDERED.**