Zaire PAIGE, Plaintiff,

v.

**CITY OF NEW YORK CORRECTION DEPARTMENT, et al., Defendants.**

**No. 10 Civ. 06635(VM).**

United States District Court, S.D. New York.

July 15, 2011.

Zaire Paige, Brooklyn, NY, pro se.

Joseph Anthony Marutollo, Morgan David Kunz, NYC Law Department, Office of the Corporation Counsel, New York, NY, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Pro se plaintiff Zaire Paige ("Paige") brought this action pursuant to 42 U.S.C. § 1983, alleging deprivation of his federal constitutional rights in connection with incidents of assaults against him committed by other inmates while Paige was in custody at a facility of the New York City Department of Correction ("DOC"). He also alleges ongoing verbal harassment by a DOC officer. Paige named as defendants the City of New York (the "City"), DOC, and CO. Cobham ("Cobham") (collectively, the "City Defendants").[1] The City Defendants filed the instant motion for summary judgment pursuant to federal Rule of Civil Procedure 56 citing as grounds that: (1) DOC is not a suable entity; (2) Paige has failed to state a claim for municipal liability under 42 U.S.C. § 1983 against the City; (3) all claims Paige asserts against Cobham must be dismissed for lack of Cobham's personal involvement in the events alleged; (4) Paige fails to state a claim against Cobham for deliberate indifference to his safety; (5) Paige cannot demonstrate that Cobham exhibited deliberate indifference to his

---

1. Paige also named defendant Angel Hernandez ("Hernandez"), an inmate in the custody of DOC at the time of the incidents alleged in the complaint. The Court has no record indicating that Hernandez has been served with process although Paige filed this action on September 7, 2010. Therefore the Court will dismiss the action as against Hernandez without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

medical needs; (6) Cobham is entitled to qualified immunity; and (7) Paige's conspiracy claims fail as a matter of law.

■ Paige was served with the City Defendants' motion on May 2, 2011, including the Notice to pro se litigants pursuant to Local Rule 56.2. Paige failed to respond to the motion by the June 6, 2011 deadline specified in the Notice of Motion. Accordingly, the Court deems the motion unopposed and the factual statements made by the City Defendants in the motion papers are deemed admitted. *See Gadsden v. Jones Lang Lasalle Ams., Inc.*, 210 F.Supp.2d 430, 438 (S.D.N.Y.2002); *see also Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir.1984).

In reviewing the City Defendants' motion papers and other documents on the public record of this action, including Paige's complaint, the Court has considered Paige's pro se status and reads his allegations and claims with the leniency due. *See McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999). Paige's pro se status, however, does not excuse him from complying with applicable procedural and substantive law, including responding to a dispositive motion. *See Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983). Mindful of these considerations, the Court grants the City Defendants' motion.

■ The action against DOC cannot proceed because under the New York City Charter DOC is not an entity that is subject to suit. See N.Y. City Charter, Chapter 17, § 396. As to Paige's claims against the City, the Court is persuaded that Paige failed to identify the existence of any policy or practice that would establish municipal liability under *Monell v. Department of Social Services.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), as to the circumstances presented by this action.

■ Paige's claims against Cobham must be dismissed because the allegations Paige makes in his complaint and in his deposition fail to establish any personal involvement by Cobham in any of the injuries that form the grounds for Paige's claims. Cobham's only alleged involvement in the incident in question is having been on duty near the scene of an altercation between Cobham and Hernandez. In any event, the Court finds that Cobham would be entitled to the protection against suit under the doctrine of qualified immunity. *See Martinez v. Simonetti*, 202 F.3d 625, 633–34 (2d Cir.2000).

■ Finally, on the record before it, the Court finds no facts sufficient to satisfy the elements of a claim of conspiracy against the City Defendants. Paige's allegations of conspiracy are too vague and conclusory and provide no factual basis to support a finding that he suffered a constitutional deprivation on this account. Moreover, the conspiracy Paige alleges involves only City Defendants who, as agents of the same municipal entity, cannot conspire among themselves. *See Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir.1999).

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 34) of defendants City of New York (the "City"), City Department of Correction, and C.O. Cobham for summary judgment dismissing the complaint of plaintiff Zaire Paige ("Paige") is GRANTED, and it is further

**ORDERED** that because as of the date of this Order Paige has not served process on defendant Angel Hernandez ("Hernandez"), although this action was commenced on September 7, 2010, the action against Hernandez is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m), provided that within fourteen

days of the date of this Order, for good cause shown, Paige may petition the Court to reinstate the action against Hernandez to the Court's active docket. In the event no such timely request is made, the action against Hernandez shall be dismissed with prejudice.

The Clerk of Court is directed to terminate any pending motion and to close this case.

**SO ORDERED.**