*Petaway v. Osden*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand twenty.

PRESENT:
　　　　REENA RAGGI,
　　　　RICHARD J. SULLIVAN,
　　　　STEVEN J. MENASHI,
　　　　　*Circuit Judges.*

––––––––––––––––––––––––––––––––––––––––––

WILLIAM PETAWAY,

　　　　　*Plaintiff-Appellant*,

　　　　v.　　　　　　　　　　　　　　　　　　　　No. 19-1862

JACLYN OSDEN, Connecticut DOC Counselor Supervisor, in her individual and official capacity, LYNN MILLING, Connecticut DOC Counselor Supervisor, in her individual and official capacity, HEIDI PALLIARDI, Connecticut DOC Counselor Supervisor, in her individual and official capacity,

　　　　　*Defendants-Appellees.**

––––––––––––––––––––––––––––––––––––––––––

---

* The Clerk of Court is directed to amend the caption as set forth above.

**FOR PLAINTIFF-APPELLANT:**          William Petaway, *pro se*, New Haven, CT.


**FOR DEFENDANTS-APPELLEES:**          Clare Kindall, Solicitor General, DeAnn S. Varunes, Assistant Attorney General, *for* William Tong, Attorney General of the State of Connecticut, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Victor A. Bolden, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

William Petaway, a former inmate proceeding *pro se*, appeals the district court's decision to grant summary judgment in favor of the Defendants, employees of the Connecticut Department of Correction who allegedly deprived Petaway of risk reduction credits that caused him to spend an additional 60 days in state custody. In denying Petaway's claims for compensatory and punitive damages under 42 U.S.C. § 1983, the district court concluded that the risk reduction credits at issue were discretionary in nature and that, as a result, Petaway did not have a protected liberty interest in either retaining such credits or in earning them in the future. The district court alternatively held that the Defendants were entitled to qualified immunity given the state of the law on risk reduction credits in 2013 and 2014 (when Petaway lost the credits) and in 2016 (when Petaway would have benefitted from the credits through an earlier release). On appeal, Petaway does not challenge the legal conclusions underlying the district court's summary judgment ruling; he argues only that the district court erred when, in November 2018, it granted the Defendants' motion for an extension of time in which to file their motion for summary judgment. We disagree.

2

After the initial pleadings were filed, the district court entered a scheduling order that set May 25, 2018, as the deadline by which dispositive motions were to be submitted. The district court extended that deadline several times by subsequent scheduling orders, with the final order setting the deadline as September 6, 2018. That deadline came and went without the Defendants filing their motion for summary judgment. But on November 7, 2018, the district court held a telephonic conference, during which, we are told, the Defendants asked the court to extend the deadline one last time. According to the Defendants, the district court directed them "to file their motion [for an extension of time] immediately," Defs.' Br. at 8, which they did two days later. While that motion previewed the Defendants' contemplated summary judgment arguments, it did not explain why the Defendants had missed the court-ordered deadline. Nevertheless, the district court summarily granted the extension in a text order dated November 14, 2018, and directed the Defendants to file their summary judgment motion within a month.

Federal Rule of Civil Procedure 6(b) governs requests for extensions of time. "When an act may or must be done within a specified time," the district court can extend that deadline "for good cause" if a request is made "before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). If a party fails to request an extension before time expires, the court can still extend the deadline, though it may do so only "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "The determination whether neglect is 'excusable' in a particular case rests with the sound discretion of the district court," and is thus reviewed only for abuse of discretion. *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984); *see also LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[D]istrict courts may grant extensions of time in purely procedural matters . . . upon a showing of 'excusable neglect.' We will not overturn such a ruling absent an abuse of discretion." (citation omitted)).

3

Petaway, citing Federal Rule of Civil Procedure 6(b)(1)(B), contends that the district court abused its discretion in granting an extension because the Defendants failed to request the extension before the deadline expired and did not establish excusable neglect for their failure to do so.[1]  To be sure, it would have been preferable if the Defendants had explained their reason for failing to comply with the court-ordered deadline in their motion papers, and if the district court had made an explicit finding as to excusable neglect.[2]  Nevertheless, we cannot say that the district court abused its discretion by granting the extension.

As we have explained, excusable neglect is an "elastic concept [that] is not limited strictly to omissions caused by circumstances beyond the control of [the] movant." *LoSacco*, 71 F.3d at 93 (internal quotation marks omitted).  "[T]he inquiry into whether a failure to abide by a specified time constraint constitutes 'excusable neglect' is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission,' including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith." *Raymond v. Int'l Bus. Machs. Corp.*, 148 F.3d 63, 66 (2d Cir. 1998) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  "In other words, mere inadvertence, without more, *can* in some circumstances be enough to constitute 'excusable neglect' justifying relief" under Rule 6(b)(1)(B).  *Id.* at 66; *see also LoSacco*, 71 F.3d at 93 (explaining that excusable neglect "encompass[es] delays caused by inadvertence, mistake, or carelessness" (internal quotation marks omitted)).  In light of the district court's overall

---

[1] Petaway also suggests that the district court erred because the Defendants did not make a formal motion seeking an extension of time as required by Rule 6(b)(1)(B).  But, as noted above, the Defendants did make such a motion.

[2] While we are told on appeal that the delay was caused, at least in part, by settlement negotiations and the illness and death of a relative of the Defendants' counsel, there is no indication in the record that the district court relied on these events in granting the extension.

conscientious and active management of this case, as well as our general "reluctan[ce] to interfere with district judges' management of their very busy dockets," *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999), we decline to find an abuse of discretion in the district court's decision to grant the extension of time requested by the Defendants.

This is particularly true where, as here, Petaway has failed to establish that he was prejudiced by the extension. Indeed, Petaway's brief contains no argument on the merits of the district court's decision to grant summary judgment based on the absence of a protected liberty interest in these discretionary credits, or on its finding that the Defendants were entitled to qualified immunity. As a result, Petaway has waived any such arguments on the merits. *LoSacco*, 71 F.3d at 93 ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal.").

We have reviewed the remainder of Petaway's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**. Petaway's pending motion to strike the Defendants' summary judgment motion from the district court docket is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5