19-3525
*Reynolds v. Demas*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand twenty.

PRESENT:     JOSÉ A. CABRANES,
             MICHAEL H. PARK,
             WILLIAM J. NARDINI,
                      *Circuit Judges.*

_____

JACQUELINE D. REYNOLDS.,

          *Plaintiff-Appellant,*                          19-3525

        v.

ELIZABETH DEMAS, ESQ,

          *Defendant-Appellee,*
BRUCE D. BAKER, ESQ.
          *Defendant.*[*]

_____

**FOR PLAINTIFF-APPELLANT:**          JACQUELINE D. REYNOLDS, *pro se*,
                                      Hempstead, TX.


**FOR DEFENDANT-APPELLEE:**           WILLIAM L. GAGNON, Heilmann, Ekman,
                                      Cooley & Gagnon, Inc., Burlington, VT.

_____

[*] The Clerk of Court is directed to amend the caption of this case as above.

1

Appeal from a judgment of the United States District Court for the District of Vermont (John M. Conroy, *Magistrate Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Jaqueline D. Reynolds ("Reynolds"), proceeding *pro se*, appeals the District Court's September 25, 2019 judgment granting summary judgment to defendant-appellee Elizabeth Demas ("Demas") and defendant Bruce Baker[1] and dismissing her complaint alleging legal malpractice and negligence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

Because federal jurisdiction was based on diversity and the parties assert no contractual obligation to the contrary, we apply the substantive law of the forum state. *Gen. Star Nat'l Ins. Co. v. Universal Fabricators, Inc.*, 585 F.3d 662, 669 (2d Cir. 2009). "To establish legal malpractice [in Vermont], a plaintiff must prove that (1) the attorney owed a professional duty of care to the client; (2) the attorney breached the duty; (3) the attorney's act was a proximate cause of the client's injury; (4) and . . . the client suffered damages as a result of the injury." *Sachs v. Downs Rachlin Martin PLLC*, 179 A.3d 182, 186—87 (Vt. 2017).

An expert opinion is generally required to establish negligence but, "[w]here a professional's lack of care is so apparent that only common knowledge and experience are needed to comprehend it, expert testimony is not required to assist the trier of fact in finding the elements of negligence." *Estate of Fleming v. Nicholson*, 724 A.2d 1026, 1028 (Vt. 1998). Reynolds did not submit an expert opinion, and Demas's representation of her was not so clearly negligent that only common knowledge and experience are needed to comprehend it. Reynolds failed to establish the value of her state-court claims, did not provide an estimate of the costs of pursuing further litigation, and did

---

[1] Although Reynolds's complaint named both Demas and Baker as defendants, her opening brief on appeal expressly waives any claims against Baker. Consequently, we treat Demas as the sole appellee.

not dispute that an expert she had retained had concluded that one of the documents supporting her claims was fraudulent. Under the circumstances, an expert opinion was required to determine whether Demas acted unreasonably in negotiating the settlement Reynolds signed.

Reynolds also challenges the District Court's denial of an extension of time to obtain an expert, a decision which we review for abuse of discretion. *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984). We find no abuse of discretion in denying an extension because Reynolds's request came after the agreed-to deadline for submission of an expert report, and after Demas moved for summary judgment. *See id.* (finding no abuse of discretion where the appellant did not request an extension to respond to a summary judgment motion until after the deadline had passed); *see also Paddington Partners v. Bouchard*, 34 F.3d 1132, 1139 (2d Cir. 1994) ("Requests for discovery in the face of motions for summary judgment put forth by parties who were dilatory in pursuing discovery are disfavored[.]")

## CONCLUSION

We have reviewed all of the arguments raised by Reynolds on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the September 25, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3